## 51344. GIBBS v. CLAY.

CLARK, Judge.

In this trover action plaintiff was awarded his property and its hire following a trial by jury. Defendant's appeal is limited to (1) the admissibility of plaintiff's opinion evidence with regard to the amount of the property's hire and (2) a portion of the court's charge.

1. Defendant contends plaintiff's opinion evidence of the property's hire was inadmissible because it constituted hearsay. While plaintiff testified he obtained information from two named furniture rental firms as to the rental value of his property, he added that he formed his own opinion of his property's hire. "Evidence of value

is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the witness is not objectionable for the reason stated. *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716)." *Powers v. Powers,* 213 Ga. 461, 462 (2) (99 SE2d 818). "[Market value] may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections. Code § 38-1709. [Cits.]" *Schoolcraft v. DeKalb County,* 126 Ga. App. 101, 103 (2) (189 SE2d 915).

Appellant's reliance on the case of *Harper v. Harper,* 220 Ga. 770 (141 SE2d 403) is misplaced. Its holding to the effect that hearsay testimony of value is inadmissible was noted by our court in *State Hwy. Dept. v. Edmunds,* 113 Ga. App. 550, 553 (149 SE2d 182) but differentiated from a situation like that at bar. Judge (now Chief Justice) Nichols wrote: "Yet where the witness, an expert, bases his opinion as to value partly upon hearsay, such opinion is not objectionable as being hearsay. [Cits.] The distinction is that in the one case the testimony as to value is not the opinion of the witness being examined, while in the other the opinion is that of the witness and is based partly upon the facts which he has heard as well as his own knowledge."

2. In part, the trial court charged the jury as follows: "The plaintiff has elected to recover . . . the specific property which was converted by the defendant and its hire from the date of conversion to the date of your verdict . . ." Defendant contends that in charging the jury thusly, the court expressed its opinion as to what had been proved.

" 'On review the charge must be considered as a whole and each part in connection with every other part of the charge.' *Zayre of Ga. v. Ray,* 117 Ga. App. 396, 398 (5) (160 SE2d 648). 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall.' *Brown v.*

*Matthews,* 79 Ga. 1 (4 SE 13)." *Bennett v. Haley,* 132 Ga. App. 512, 517 (5) (208 SE2d 302).

Considering the charge as a whole, it cannot be said the court expressed or intimated its opinion as to what had been proved. Following the portion of the charge quoted above, the court instructed the jury: "In the event that you find that the plaintiff is entitled to recover the form of your verdict would be, 'We, the jury, find in favor of the plaintiff for,' and you would then specify the specific property which you find from the evidence has been converted by the defendant, if you find any such property has been converted." Elsewhere appeared similar expressions of impartiality and of the jury's duty to determine in accordance with the evidence and rules of law given in charge as to the right of the plaintiff to recover. There was no error.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED OCTOBER 9, 1975 — DECIDED JANUARY 9, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Guy B. Scott, Jr.,* for appellant.
*Hudson & Montgomery, David R. Montgomery,* for appellee.