## 54885. ATTAWAY v. TOM'S AUTO SALES, INC. et al.

QUILLIAN, Presiding Judge.

Plaintiff filed suit in the State Court of DeKalb County against Tom's Auto Sales, Inc. and Ron Motes. The complaint contained three counts, the first of which alleged that the plaintiff purchased an automobile from the defendant Auto Sales for $3,350.96; that Motes was a salesman and employee of Auto Sales and dealt with the plaintiff for the purchase of the automobile; that Motes made certain representations to the plaintiff to induce him to purchase the automobile. They were (1) that the automobile was in perfect running order; (2) that the 22,690 miles showing on the odometer of the automobile was the actual mileage; (3) that the brakes of the automobile worked perfectly and had just been rebuilt; (4) that the defendant Auto Sales would take care of any problem that arose with the automobile.

The complaint alleged that the misrepresentations constituted unfair and deceptive trade practices in violation of the Fair Business Practices Act of 1975 (Code Ann. Ch. 106-12; Ga. L. 1975, p. 376 et seq.) and that plaintiff suffered damages in the amount of $945.75 for repairs to the automobile. The complaint sought recovery of three times the plaintiff's actual damages or a total of $2,837.25, plus exemplary damages and attorney fees.

Count 2 of the complaint sought recovery on the basis of breach of an express warranty, and Count 3 of the complaint set forth that defendants wilfully, intentionally and fraudulently induced the plaintiff to purchase the automobile by representations which the defendants knew or should have known were false.

The defendants answered denying the material allegations of the complaint and a violation of the Fair Business Practices Act. They also filed a motion for summary judgment with a supporting affidavit by the president of Auto Sales. The affidavit recited that the plaintiff, upon arrival at the defendant's place of business, was waited on by Motes and that Motes rode with the plaintiff while the plaintiff drove the automobile for a trial or demonstration ride; that the plaintiff paid cash for the purchase price of the automobile; that as part of the

sale the plaintiff executed a bill of sale which is attached to the affidavit as an exhibit, as well as a disclosure form as to odometer mileage which was also attached.

The sales contract provided "all cars sold as is . . . no guarantee" and further provided "automatic transmission not guaranteed" and "no agreement between salesmen and customer binding on the company." The odometer disclosure form stated that the odometer mileage indicated on the vehicle is 22,690 miles but that the actual mileage differs from the odometer reading for reasons other than odometer calibration error and that the actual mileage is unknown.

The plaintiff filed a counter-affidavit which basically restated the allegations of this complaint and further stated that at no time did he test drive the automobile as alleged in the affidavit of the defendants.

The case came on for hearing on motion for summary judgment and the trial judge, after hearing argument by both sides, entered judgment granting the motion for summary judgment of the defendants. From this judgment appeal was taken. *Held:*

As the defendants argue in their brief to this court, the language in the contract would appear to prevent the plaintiff from recovering on the grounds of express or implied warranty (*Harison-Gulley Chev. v. Carr,* 134 Ga. App. 449, 450 (214 SE2d 712)), and recovery predicated upon any alleged fraudulent misrepresentations respecting the vehicle's condition would be unavailing by reason of the plaintiff signing the sales agreement. *Holbrook v. Capitol Auto. Co.,* 111 Ga. App. 601 (142 SE2d 288).

The plaintiff does not argue with regard to the second and third counts but relies on the first count which is a violation of the Fair Business Practices Act of 1975, supra. We reach the conclusion from a reading of the Act that although the plaintiff might not be able to rescind the contract or otherwise set it aside, the Act itself is in no way tied to contractual rights and is wholly self-sustaining.

The Act provides that its purpose "shall be to protect consumers . . . from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the State . . . This Chapter shall be liberally construed and

applied to promote its underlying purposes and policies." Code Ann. § 106-1201 (b) (Ga. L. 1975, p. 376). "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are hereby declared unlawful." Code Ann. § 106-1203 (a) (Ga. L. 1975, pp. 376, 378). By way of illustration only and without limiting the scope of the prohibition, eleven enumerated practices are declared unlawful, among which is: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Code Ann. § 106-1203 (7).

The statute further provides: "A seller may not by contract, agreement or otherwise limit the operation of this Chapter notwithstanding any other provision of law." Code Ann. § 106-1203 (c). Under the Act, "any person who suffers injury or damages as a result of consumer acts or practices in violation of this Chapter, or whose business or property has been injured or damaged as a result of consumer acts or practices in violation of this Chapter may bring an action individually, but not in a representative capacity, against the person or persons engaged in such unlawful consumer acts or practices under the Rules of Civil Procedure to seek equitable injunctive relief and to recover his general and exemplary damages sustained as a consequence thereof in any court having jurisdiction over the defendant." Code Ann. § 106-1210 (a) (Ga. L. 1975, pp. 376, 386). The Act then sets out that a court shall award three times the actual damages for an intentional violation of the statute. Code Ann. § 106-1210 (c).

From an overview of this statute, we find that there is thereby created a separate and distinct cause of action under its provisions. A consumer who is damaged thereby has an independent right to recover under the Act, regardless of any other theory of recovery.

On motion for summary judgment the defendants, as movants, have the burden of establishing the nonexistence of any issue of material fact. Contrary to their arguments, they must show the plaintiff could not recover, not that the plaintiff's allegations were insufficient to set forth a cause of action or that his

affidavit was insufficient to fully establish his case. We find that the defendants failed to pierce the plaintiff's pleadings alleging a violation of the Fair Business Practices Act of 1975. Hence, it was error to grant the defendant's motion for summary judgment.

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED NOVEMBER 9, 1977—DECIDED FEBRUARY 14, 1978.

*David U. Crosby,* for appellant.
*Karp & Karp, Harold Karp, Barry A. Karp,* for appellees.