## 57239. STANDISH v. HUB MOTOR COMPANY.

WEBB, Presiding Judge.

Jennifer Standish bought an automobile from Hub Motor Company on May 10, 1976. On April 12, 1977 she filed a suit in Federal District Court alleging violations of Title I of the Consumer Credit Protection Act (the Truth in Lending Act), 15 USC § 1601 et seq., and Regulation 2 (12 CFR) § 226.1 et seq. of the Federal Reserve System, seeking to recover the $1,000 statutory penalty plus attorney fees as provided by 15 USC § 1640 (a). In addition, on April 26 her attorney informed Hub by certified letter that it had violated alleged provisions of the Georgia Fair Business Practices Act of 1975, Code Ann. § 106-1201 et seq.

The Truth in Lending case began litigation and various motions were filed. In December, 1977 Hub offered to settle for $1,200, to which Ms. Standish ultimately agreed. A release was drafted from all claims "arising out of any alleged violation of the 'Truth in Lending Act,' " and the federal suit was dismissed with prejudice. Immediately thereafter Ms. Standish brought this action in the State Court of Fulton County seeking damages for violations of the Georgia Fair Business Practices Act. Hub asserted defenses of res judicata, accord and satisfaction and estoppel. From summary judgment in Hub's favor Ms. Standish appeals, and we reverse.

Any accord and satisfaction agreed to between the parties here was expressly limited to the Truth in Lending claims, and the dismissal of the suit brought under that Act did not operate as an adjudication of the Georgia Fair Business Practices cause of action since the two statutes are predicated upon different goals and remedies. See Spearman v. Jaudon, 145 Ga. App. 136 (243 SE2d 90) (1978).

A Truth in Lending action turns upon the failure of a creditor to make all required disclosures prior to the consummation of a consumer credit transaction. The borrower's cause of action for the statutory civil penalty arises when the transaction is consummated without the creditor making the proper disclosures, and the borrower

may recover even in the absence of any actual damage or intentional reprehensible conduct on the part of the creditor. 15 USC § 1640.

The Georgia Fair Business Practices Act, on the other hand, requires that the consumer "suffer injury or damages" by the commission of an unfair or deceptive act, which would necessarily be attended by some reprehensible conduct on the part of the defendant. Code Ann. § 106-1210 (a). It is to be liberally construed and applied to promote its underlying purposes and policies, which are to protect consumers. Code Ann. § 106-1210 (b). The measure of damages is the actual injury suffered, although treble damages and attorney fees may be awarded for certain egregious or intentional misconduct. Code Ann. § 106-1210 (c) and (d).

We consider a recent construction of the Georgia Act by this court to be controlling here. "The statute further provides: 'A seller may not by contract, agreement or otherwise limit the operation of this Chapter notwithstanding any other provision of law.' Code Ann. § 106-1203 (c). Under the Act, 'any person who suffers injury or damages as a result of consumer acts or practices in violation of this Chapter, or whose business or property has been injured or damaged as a result of consumer acts or practices in violation of this Chapter may bring an action individually, but not in a representative capacity, against the person or persons engaged in such unlawful consumer acts or practices under the Rules of Civil Procedure to seek equitable injunctive relief and to recover his general and exemplary damages sustained as a consequence thereof in any court having jurisdiction over the defendant.' Code Ann. § 106-1210 (a) (Ga. L. 1975, pp. 376, 386). The Act then sets out that a court shall award three times the actual damages for an intentional violation of the statute. Code Ann. § 106-1210 (c).

"From an overview of this statute, we find that there is thereby created a separate and distinct cause of action under its provisions. *A consumer who is damaged thereby has an independent right to recover under the Act, regardless of any other theory of recovery.* [Emphasis supplied.]

"On motion for summary judgment the defendants,

as movants, have the burden of establishing the nonexistence of any issue of material fact. Contrary to their arguments, they must show the plaintiff could not recover, not that the plaintiff's allegations were insufficient to set forth a cause of action or that his affidavit was insufficient to fully establish his case. We find that the defendants failed to pierce the plaintiff's pleadings alleging a violation of the Fair Business Practices Act of 1975. Hence, it was error to grant the defendant's motion for summary judgment." *Attaway v. Tom's Auto Sales,* 144 Ga. App. 813, 815 (242 SE2d 740) (1978).

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED FEBRUARY 5, 1979 — DECIDED FEBRUARY 23, 1979 — REHEARING DENIED MARCH 16, 1979.

*Joseph H. King, Jr.,* for appellant.
*Morris, O'Brien, Manning & Brown, Donald E. O'Brien, Glenn G. Delk,* for appellee.