## 61375. GRESHAM v. WHITE REPAIR & CONTRACTING COMPANY, INC.

SHULMAN, Presiding Judge.

Plaintiff brought suit against defendant to collect on a contract for certain construction repairs to defendant's house. Defendant denied liability on the contract on the ground of a partial failure of consideration and brought a counterclaim against the plaintiff under the Fair Business Practices Act of 1975 (FBPA) (Ga. L. 1975, p. 376; Code Ann. Ch. 106-12). From a directed verdict in favor of plaintiff, defendant brings this appeal. We reverse.

1. At trial, plaintiff proved an original written contract for $1,384.59 but only sought to collect the sum of $1,150, alleging that the reduction was in adjustment for the parties' dispute as to the quality of plaintiff's work. Defendant argued that plaintiff's unilateral reduction of the agreed upon contract price negated that contract and created a new agreement to which defendant, by lack of mutuality, was not bound. It then follows, defendant argues, that plaintiff failed to present or prove a valid contract. We take issue with defendant's contentions.

Plaintiff presented a valid, binding written agreement between the parties wherein plaintiff agreed to provide services and material to the defendant for a cost of $1,384.59. The fact that plaintiff sought less than the original contract price does not negate the underlying validity of that agreement. Plaintiff did not attempt to collect on a subsequent oral contract between the parties but, rather, on their original agreement, admitting by reducing the original cost that it had not provided full consideration for the contract.

That reduction, even if unilateral, did not render the parties' written agreement invalid. It is clear that plaintiff brought suit on the written contract and that the judgment in its favor was premised on that contract.

Had the plaintiff sought to increase the amount in the written agreement, then it would have been incumbent upon the plaintiff to prove that a new agreement superseded the parties' original contract. But where, as here, the plaintiff simply chose not to demand the full amount of the contract price for its work (work that was alleged not to have been satisfactorily completed), defendant has no grounds to complain or challenge that decision. Defendant's motion for directed verdict, premised on the ground that plaintiff proved the wrong contract, was properly denied.

Despite defendant's contentions to the contrary, pleadings are deemed automatically amended to conform to the evidence presented at trial. See Code Ann. § 81A-115 (b); *DeLoach v. Foremost*

*Ins. Co.,* 147 Ga. App. 124 (1A) (248 SE2d 193).

2. The trial court also properly directed a verdict against defendant on her counterclaim seeking relief against plaintiff under the FBPA. Even assuming the particular facts of the case bring it within the regulatory ambit of the FBPA, defendant simply did not establish a prima facie cause of action under the FBPA.

Defendant presented evidence that the work was not performed by plaintiff to her satisfaction, and that it was not "up to snuff" as promised by the plaintiff, but she did not present evidence of a volitional unfair or deceptive act or practice. See *DeLoach v. Foremost Ins. Co.,* supra. See also *Colonial Lincoln-Mercury Sales, Inc. v. Molina,* 152 Ga. App. 379 (11) (262 SE2d 820). That being so, Code Ann. § 106-1210 (b) is not applicable, and plaintiff's failure to comply with the terms of that provision is irrelevant.

3. Defendant alleged that plaintiff's unsatisfactory work constituted a partial failure of consideration. To the extent plaintiff sought less than the original contract price, plaintiff admitted a partial failure of consideration. To reduce the amount sought still further, it was incumbent upon the defendant to come forward with probative evidence of damages stemming from plaintiff's additional failure to comply with its part of the bargain; that is, cost of repair.

Defendant contends that she was prevented from establishing the amount of damages when the trial court refused to allow her to testify as to her opinion of the cost of repairs. The court refused to hear such testimony, which was based in part upon estimates the defendant had received from contractors, on the ground that defendant's opinion was hearsay.

Under the authority of *Gibbs v. Clay,* 137 Ga. App. 381 (1) (224 SE2d 46), we agree that the trial court's refusal to allow defendant's testimony was error. " 'Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay. . .[Cit.]' " Id. For that reason, the judgment of the trial court was incorrect and must be reversed.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 8, 1981.

*Ralph Goldberg,* for appellant.
*Kirby G. Bailey,* for appellee.