77036. NIMS v. OTTER.
(373 SE2d 396)

CARLEY, Judge.

Appellant-plaintiff contracted to purchase a cabin located in a subdivision which was being developed by appellee-defendant. Subsequent to moving into the cabin, appellant filed this suit, alleging that appellee had made certain misrepresentations which had induced her to enter into the contract. Appellant sought to recover damages under two theories: That appellee's alleged misrepresentations were fraudulent or that they constituted violations of the Georgia Fair Business Practices Act (FBPA). Appellee answered and denied the material allegations of appellant's complaint.

The case came on for a trial before a jury. At the close of the evidence, appellee moved for a directed verdict. Appellee's motion was granted only as to the FBPA claim and appellant's fraud claim was submitted to the jury. The jury returned a verdict in favor of appellee. Appellant appeals from the judgment entered on the jury's

verdict.

1. After the trial judge had voluntarily recused himself from hearing the case, an attorney was appointed to serve as judge pro hac vice. Two of appellant's enumerations of error are predicated upon this appointment.

OCGA § 15-6-14 provides that "[w]hen from any cause the judge of the superior court or any city court is disqualified from presiding in any civil case and has failed to procure the services of a judge to try the case, then the parties litigant, by consent, may select any attorney of this state to preside in the case; the attorney so selected, when the consent is entered on the minutes, shall exercise all the functions of a judge in that case. Any senior judge of the superior courts may likewise be selected." A review of the record shows that the procedure authorized by OCGA § 15-6-14 was utilized to appoint the attorney who served as judge pro hac vice in this case. Accordingly, there was no error in the appointment.

2. Appellant enumerates as error the trial court's grant of appellee's motion for a directed verdict as to the FBPA claim.

"[A] private FBPA claim has three elements: a violation of the Act, causation, and injury." *Zeeman v. Black*, 156 Ga. App. 82, 86-87 (273 SE2d 910) (1980). Appellant's complaint alleged that appellee had violated the FBPA by misrepresenting that the uninsulated cabin "would be fit for occupancy for 'year around living. . . .'" At trial, however, appellant never affirmatively testified that appellee had told her that the cabin could be occupied year-round as a permanent residence. She testified only that he had told her that the cabin "would be suitable for year-round use" and that it "would be a year-round house." It is not contested that the cabin would be considered suitable for year-round use as a rustic mountain retreat and that, even during periods of mild winter weather, it would be a year-round house for such limited purposes. It was apparently only because the wood stove, which the cabin had been designed to accommodate, provided insufficient heat in the dead of winter that the cabin would not be considered reasonably fit for year-round occupancy as a permanent residence. Appellee's alleged misrepresentations are seemingly consistent with an uninsulated rustic mountain retreat. If there was no representation that the uninsulated cabin could be occupied, rather than used, year-round, there was certainly no violation of the FBPA.

However, even assuming without deciding that the evidence would authorize a finding that the year-round livability of the cabin was misrepresented to appellant, she would nevertheless be entitled to no recovery unless that misrepresentation was made in the context of a transaction which falls within the scope of the FBPA. The underlying transaction was the sale of a cabin which was located in a subdivision that appellant was developing. Compare *Zeeman v. Black*,

supra. However, the alleged misrepresentation did not relate to any matter concerning the overall development of the subdivision, so that future purchasers of any property therein would necessarily be affected by its repetition. Compare *Campbell v. Empire Land Co.*, 163 Ga. 815 (137 SE 240) (1927); *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407 (203 SE2d 597) (1973). Instead, the alleged misrepresentation related only to the attributes of the single cabin that appellant purchased. See generally *Gross v. Ideal Pool Corp.*, 181 Ga. App. 483 (352 SE2d 806) (1987). "Absent either public advertising or a misrepresentation such that the specifics of which, if repeated, could be harmful to future similarly situated buyers of real property, it is difficult to find sufficient 'public policy' to authorize resort to the FBPA." *Zeeman v. Black*, supra at 86.

Again, however, assuming without deciding that the evidence would authorize a finding that a misrepresentation was made, and further assuming that the misrepresentation occurred in the context of a transaction within the ambit of the FBPA, appellant would still not be entitled to recover unless the evidence also authorized a finding that she "was injured as the result of [her] reliance upon the alleged misrepresentation. . . . [U]nder [OCGA § 10-1-399] when the alleged violation of the FBPA is a misrepresentation, the claimant is not entitled to recover if [she] had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so. [Cit.]" *Zeeman v. Black*, supra at 87. Accordingly, if the evidence would not authorize a finding that appellant was damaged as the result of her justifiable reliance upon appellee's alleged misrepresentation, the motion for a directed verdict as to the FBPA claim was correctly granted.

It is undisputed that appellant had actual knowledge that, as constructed, the cabin lacked such conventional features as insulation and that she had asked appellee about it. According to appellant, appellee had "said it was perfectly fine without insulation just as long as [she] had a wood stove." Knowing, however, that she intended to occupy the uninsulated cabin year-round, appellant made no independent effort to verify this or any other statement she attributed to appellee concerning the year-round livability of the cabin. Appellee's alleged misrepresentations can be construed as nothing more than the mere expression of his subjective personal opinion as to whether appellant would find the wood stove to be an adequate year-round source of heat for the uninsulated cabin. "[W]here the representation consists of general commendations or *mere expressions of opinion,* hope, expectation and the like . . . the party to whom it is made *is not justified in relying upon it* and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth. [Cit.]" (Emphasis in original in part and supplied in part.)

*Brown v. Mack Trucks,* 111 Ga. App. 164, 167 (141 SE2d 208) (1965). " 'The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. "When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations." [Cit.]' [Cits.]" *Miller v. Clabby,* 178 Ga. App. 821, 823 (344 SE2d 751) (1986). " ' "Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury." [Cit.]' [Cit.] However, in the instant case [appellant's] failure to exercise proper diligence appears as a matter of law. [Cit.] It does not appear that there was either a confidential relation between the parties of that [appellant was] prevented, by artifice or fraud, from making an inspection to determine the truth or falsity of the alleged representation. [Cit.]" *Zeeman v. Black,* supra at 87.

Accordingly, if there was any error, it was not in the grant of appellee's motion for a directed verdict as to the FBPA count, but in the failure to grant appellee's motion as to the fraud count. "The evidence showing that any damage [appellant] may have suffered . . . must be charged to [her] lack of diligence and not to [her] reliance upon any misrepresentation, [she has] not suffered any damage 'as a result of' a [possible] violation of the FBPA." *Zeeman v. Black,* supra at 89.

3. Appellant "has not argued in [her] brief . . . the . . . remaining [enumeration] of error and[, therefore, it is] considered abandoned. Rule 15 (C) (2) [(cit.)]." *MacDonald v. MacDonald,* 156 Ga. App. 565, 569 (2) (275 SE2d 142) (1980).

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

One judge concurred in the judgment only in *MacDonald v. MacDonald,* 156 Ga. App. 565 (275 SE2d 142) (1980); therefore, it has no precedential value. I find no fault in *MacDonald* and can agree with it. Thus, I concur fully in this case, which in effect resurrects *MacDonald* as a case possessing fully binding precedential value.

DECIDED SEPTEMBER 22, 1988.

*Edward W. Clary,* for appellant.

*John A. Dickerson, David L. Hudgins*, for appellee.