### 77392. GIVENS v. BOURRIE.
#### (379 SE2d 223)

BEASLEY, Judge.

Following the denial of its motion for new trial and amended motion for new trial, defendant Givens d/b/a Givens Used Auto Parts appealed. The suit was brought by customer Bourrie for breach of contract, fraud, punitive damages, expenses under OCGA § 13-6-11, and the intentional violation of the Fair Business Practices Act of 1975, OCGA § 10-1-390 et seq., in the sale, installation, and warranty of a used gasoline engine.

The jury awarded plaintiff actual damages of $1,251.27 for each of his claims of breach of contract, fraud, and violation of the Act; it awarded no punitive damages but found violation of the Act to be intentional. Plaintiff elected the verdict rendered under OCGA § 10-1-390 et seq. Accordingly, pursuant to OCGA § 10-1-399 (c), the trial court entered judgment for treble damages in the amount of $3,753.81 plus interest from the date of judgment and costs.

1. Appellant contends the trial court erred in denying its original and renewed motions for a directed verdict because the plaintiff failed to prove damages as required by law.

Construing the evidence most favorably toward the plaintiff and the verdict, see *Eddie Parker Interests v. Booth*, 160 Ga. App. 15, 17 (285 SE2d 753) (1981), it showed that Bourrie decided to replace the diesel engine in his pickup truck with a 350 Oldsmobile gasoline engine. He called defendant, spoke with Mrs. Givens, and was told that they had a 1980 Oldsmobile 350 engine and would install it for one thousand dollars. When Bourrie brought his truck to defendant, he was again given the same information about the replacement engine. Bourrie agreed for the described engine to be put in.

A day or so later, Bourrie was notified by defendant that there was a problem with the transmission and that repair would cost an additional two hundred dollars. Bourrie agreed to the repair and defendant installed an engine in the truck.

When Bourrie picked up the truck he observed that the engine looked a little big for a 350 but was assured that it was "[a] good running 350, no problems." He paid defendant twelve hundred dollars.

Printed language on the sales ticket stated, "Defective parts will be replaced if returned within 10 days of date of purchase. No cash refund." Handwritten on the ticket was, "Engine guaranteed not to rod knock or burn oil. Warranty void if driven without oil or coolant."

Bourrie had been told verbally that the warranty was for thirty days.

Four days later the engine began to miss and skip. Bourrie knew defendant was closed for vacation, so he took the truck to Precision Tune for evaluation. The diagnosis was a defective intake manifold gasket. When Bourrie went to replace the part he discovered that the installed engine was a 455 rather than the promised 350 size engine. Bourrie called Mrs. Givens and was told that they did not guarantee the size of the engine.

Bourrie replaced the part and approximately two weeks after the purchase of the engine, he took the truck on a substantial motor trip out of state. The engine began to knock; a rod bearing had gone out. Bourrie had maintained oil and coolant in the engine. Bourrie rented a vehicle and towing equipment and towed the truck back to the defendant and asked that the engine be fixed. Defendant refused. Bourrie had his own mechanic take the defective engine out and eventually sold the truck.

Bourrie's mechanic testified that the 455 engine used a lot more gas than did the 350, that it was a "guzzler," that bearings went out all the time on a 455, that it was not a good engine to be used for working, and that in his garage there was no market for a 455 engine.

Plaintiff introduced into evidence the $1,200 sales slip from defendant, a $12.50 bill for the Precision Tune evaluation, his rental car bill for $145.50, and the rental towing equipment bill for $43.75.

Under the Fair Business Practices Act, the measure of damages is the actual injury suffered. *Standish v. Hub Motor Co.*, 149 Ga. App. 365, 366 (254 SE2d 416) (1979). Since plaintiff produced evidence from which the jury could determine the actual damage suffered, the trial court correctly denied a directed verdict on plaintiff's claim under the Fair Business Practices Act. OCGA § 9-11-50.

The sufficiency of the evidence of damages on the remaining claims is not reached inasmuch as the judgment at issue is based solely on the verdict under the Fair Business Practices Act.

2. Appellant contends that the court erred in its charge and recharge on the measure of damages recoverable on each count of his complaint. The court's charge and recharge considered as a whole and the portions instructing on damages in connection with the other parts of the charge were correct statements of the law. See *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 841 (1) (351 SE2d 82) (1986).

In briefing this enumeration, appellant also attempts to raise the failure of the court to give a specific request to charge and to give instruction on a principle regarding the disclaimer of warranties. These points are not before us because an enumeration of error cannot "be enlarged to include other issues not made therein. [Cit.]" *Stewart Bros. v. Gen. Improvement Corp.*, 143 Ga. App. 258, 260 (1) (238 SE2d 259) (1977).

3. Appellant challenges the trial court's denial of his motion for new trial and amended motion for new trial solely on the bases already urged. The motions were properly denied. See Divisions 1 and 2, supra. Other grounds raised in the motion for new trial and the amended motion for new trial have not been pursued and therefore are deemed abandoned. Court of Appeals Rule 15 (c) (2); *Melton v. Gilleland & Sons*, 176 Ga. App. 390 (1) (336 SE2d 315) (1985).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 22, 1989.

*G. Hughel Harrison*, for appellant.
*Gordon C. Raeburn*, for appellee.