A98A0113. AGNEW v. GREAT ATLANTIC & PACIFIC TEA COMPANY.
(502 SE2d 735)

BEASLEY, Judge.

While running errands, Gary Agnew, a lawyer, saw a large sign on the front of a grocery store which said "Nobody's Gonna Beat Us Now. Buy One Get One Free. 1=2 Sale. All This Week. Single Purchases Will be Charged Regular Retail, Second Item Free." The sign contained no limitations. Agnew entered the store and selected two bags of sugar, two boxes of Rice-A-Roni, and two boxes of crackers. After the cashier rang up the items without a discount, Agnew asked about the promotion and was told the sale only applied to certain items. Agnew then paid the full price.

Based on the incident, Agnew filed a complaint pro se alleging

The Great Atlantic & Pacific Tea Company (A&P) engaged in unfair or deceptive business practices in violation of the Fair Business Practices Act, OCGA § 10-1-390 et seq. (FBPA). The court denied Agnew's motion for partial summary judgment as to liability and granted A&P's motion for summary judgment thereby terminating Agnew's case. Agnew appeals both decisions.[1]

"[I]n ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cit.] Nevertheless, a movant for summary judgment who is a defendant may discharge his burden by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)."[2]

The FBPA provides a private right of action only to "any person who suffers injury or damages as a result of . . . consumer acts or practices in violation of this part. . . ."[3] Accordingly, "a private FBPA claim has three elements: a violation of the Act, causation, and injury."[4] Further, the Act "incorporat[es] the 'reliance' element of the common law tort of misrepresentation into the causation element of an individual claim," which in turn means "the claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so."[5]

Aside from whether A&P's sign violated the Act,[6] in order to survive summary judgment in response to A&P's assertion that there is no evidence of causation, reliance, diligence or damages, Agnew must point to specific evidence of a triable issue on each of these elements

---

[1] Although Agnew's notice of appeal only mentioned the grant of A&P's motion, his enumeration of errors assigns error to the denial of his motion and that issue is properly before this Court. *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

[2] *Garmon v. Warehouse Groceries Food Center*, 207 Ga. App. 89, 91 (1) (427 SE2d 308) (1993).

[3] OCGA § 10-1-399 (a). See also *Zeeman v. Black*, 156 Ga. App. 82, 86 (273 SE2d 910) (1980); *Attaway v. Tom's Auto Sales*, 144 Ga. App. 813, 815 (242 SE2d 740) (1978) ("A consumer who is damaged thereby has an independent right to recover under the Act. . . .").

[4] *Zeeman*, supra, 156 Ga. App. at 86-87; *Nims v. Otter*, 188 Ga. App. 516 (2) (373 SE2d 396) (1988).

[5] Id.; *Lynas v. Williams*, 216 Ga. App. 434, 437 (454 SE2d 570) (1995).

[6] *Miles Rich Chrysler-Plymouth v. Mass*, 201 Ga. App. 693, 697 (3) (a) (411 SE2d 901) (1991) (jury issue existed as to whether bait and switch scheme was violation of FBPA); *Regency Nissan v. Taylor*, 194 Ga. App. 645, 647 (2) (391 SE2d 467) (1990) (under FBPA, claimant not required to prove intentional conduct by defendant for general damages, but is so required for treble damages).

of his case. "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim [falls]."[7]

1. Causation and Damages. Agnew essentially contends A&P's sign caused two injuries: (1) he was improperly drawn into the store, for which he is entitled to nominal or general damages, and (2) he paid full price for the six items.

The FBPA makes no mention of nominal damages but states that a claimant is entitled to recover "general and exemplary damages sustained as a consequence" of a violation of the Act.[8] "This court . . . has consistently held that in accordance with the statutory requirements of the FBPA, the measure of damages to be applied for an FBPA violation is that of 'actual injury suffered.' [Cits.] . . . [T]he general provisions of OCGA § 51-12-2 (a) [damages recoverable without proof of amount] are not applicable."[9] "[T]reble damages and attorney fees may be awarded for certain egregious or intentional misconduct."[10]

As to the beckoning sign, Agnew presented no evidence of actual injury upon which damages can be calculated. As to paying full price, Agnew knew before he completed the purchase that the promotion did not apply to the items he selected. He took this action despite his knowledge that the sign did not mean what he originally thought. His deliberate choice, not the sign, was the proximate cause of the payment of full price. The absence of this single element of each part of the claim compelled summary judgment to A&P and correlative denial of judgment to Agnew. *Miles Rich Chrysler-Plymouth v. Mass*[11] is distinguishable. There the plaintiff proved $1,000 in actual damages. Agnew's claims for equitable relief (OCGA § 10-1-399 (a)), exemplary damages (OCGA § 10-1-399 (a)), treble damages (OCGA § 10-1-399 (c)) and attorney fees (OCGA § 10-1-399 (d)) were dependent on injury or damage resulting from a violation of the act and thus were properly dismissed.

2. The FBPA provides, in part, that it should be "interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5 (a) (1) of the Federal Trade Commission Act (15 U.S.C. Section 45 (a) (1)), as from time to time amended."[12] Without addressing OCGA § 10-1-399, Agnew essentially argues this means that because federal court cases hold that causation and injury are not elements of an FTC

---

[7] *Lau's Corp.*, supra, 261 Ga. at 491.

[8] OCGA § 10-1-399 (a).

[9] *Regency Nissan v. Taylor*, supra, 194 Ga. App. at 649 (4); *Standish v. Hub Motor Co.*, 149 Ga. App. 365, 366 (254 SE2d 416) (1979).

[10] *Standish*, supra.

[11] Supra, 201 Ga. App. at 696 (3).

[12] OCGA § 10-1-391 (b).

action for violation of FTC regulations, causation and injury are not required elements of a private right of action under the FBPA in Georgia.

Agnew presents no Georgia law for this proposition. The statute itself states that only those "who suffer injury or damages as a result" of a violation may bring an action for damages.[13] Although the FBPA must be interpreted and construed consistently with the specified federal case law, such a construction does not override the express provisions of the statute which the Georgia legislature enacted.[14]

Misleading business practices in the marketplace do not necessarily cause measurable or compensable legal injury or give rise to a private right of action. The FBPA authorizes consumers to file complaints with the Consumer Advisory Board which in turn may take steps to facilitate investigation and corrective action, including cease and desist orders or civil penalties, "whether or not any person has actually been misled."[15]

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 7, 1998 —
RECONSIDERATION DENIED JUNE 2, 1998 — 

*Gary G. Agnew*, pro se.
*Brock, Clay, Wilson & Rogers, Richard W. Calhoun, John C. Borden IV*, for appellee.

---

[13] OCGA § 10-1-399.

[14] See OCGA § 1-3-1 (a) ("the courts shall look diligently for the intention of the General Assembly"); *Porter v. Food Giant*, 198 Ga. App. 736, 738 (402 SE2d 766) (1991) ("It is contrary to the generally accepted principles for construing statutes to 'read out' any part of the statute as 'mere surplusage' unless there is a clear reason for doing so").

[15] OCGA §§ 10-1-397 (a); 10-1-395 (c), (d), (f).