A01A1330. MOORE-DAVIS MOTORS; INC. v. JOYNER.
(556 SE2d 137)

RUFFIN, Judge.

Gordon Joyner, an attorney, filed this pro se action against Moore-Davis Motors, Inc. d/b/a Toyota of Roswell ("Toyota of Roswell"), alleging the defendant engaged in deceptive and unfair trade practices which constituted fraud and violations of Georgia's Uniform Deceptive Trade Practices Act ("UDTPA")[1] and Fair Business Practices Act ("FBPA").[2] On cross-motions for summary judgment, the trial court partially granted Joyner's motion, finding as a matter of law that Toyota of Roswell violated the FBPA, and denied Toyota of Roswell's motion. Toyota of Roswell appeals,[3] and for reasons that follow, we reverse.

On appeal from a trial court's ruling on a motion for summary judgment, we conduct a de novo review and construe the evidence

---

[24] *Chandler v. State*, 248 Ga. App. 154 (546 SE2d 296) (2001).
[1] OCGA § 10-1-370 et seq.
[2] OCGA § 10-1-390 et seq.
[3] Joyner did not file a brief with the Court.

and all reasonable inferences therefrom in the light most favorable to the nonmovant.[4]

In this case, the undisputed evidence shows that on Saturday morning, November 22, 1997, Joyner saw Toyota of Roswell's newspaper advertisement for a 1998 Toyota 4Runner, with a lease price of $236 per month. Although the text of the advertisement described a base model Toyota 4Runner, a published picture depicted a Toyota 4Runner Limited, which had bumpers and fenders of the same color as the car body. In an affidavit, Joyner stated that the color-coordinated bumpers and fenders were "the major reason that the model pictured . . . appealed to [him]," and that based on the advertisement, he "decided that [he] wanted to lease the vehicle represented . . . in accordance with the terms stated." Accordingly, Joyner telephoned Toyota of Roswell and informed the sales manager that he would be in later that morning to lease the vehicle depicted in the advertisement.

When Joyner arrived at Toyota of Roswell, he showed the advertisement to the sales manager and told the sales manager he wanted to lease the car. After a salesperson showed Joyner a regular Toyota 4Runner, he noticed that the bumpers and fenders were not color-coordinated, as depicted in the advertisement. It soon became apparent that the newspaper, which selected the picture of the Toyota 4Runner Limited from a CD-ROM provided by the car manufacturer, published the wrong photograph. After the salesperson and sales manager told Joyner that Toyota of Roswell could not lease him a Toyota 4Runner Limited for the advertised price, Joyner left the dealership. In his deposition, Joyner stated that he spent only 15 minutes at the dealership.

Joyner eventually leased a 1998 Ford Explorer Sport for $397.85 per month. The Ford Explorer was red with gray bumpers and fenders. Joyner nevertheless sued Toyota of Roswell, alleging he was damaged by the erroneous newspaper advertisement.

1. The FBPA prohibits a business from "[r]epresenting that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another [and from] [a]dvertising goods or services with intent not to sell them as advertised."[5] Although the FBPA provides administrative remedies for any violation of the Act,[6] a private right of action is available only to a person "who suffers injury or damages as a result of a violation."[7] Accordingly, we have held that to prevail on a private cause of

---

[4] See *Gresham v. Bell's Food Market*, 244 Ga. App. 240 (534 SE2d 537) (2000).

[5] OCGA § 10-1-393 (b) (7), (9).

[6] See OCGA § 10-1-397 (a).

[7] OCGA § 10-1-399 (a).

action under the FBPA, a private individual must establish "three elements: a violation of the Act, causation, and injury."[8]

In this case, Toyota of Roswell moved for summary judgment on Joyner's FBPA claim, arguing that there was no evidence that he was damaged by the alleged violation. In his response, Joyner failed to cite any evidence establishing how he was damaged, and because he has not filed a brief on appeal, we remain uninformed as to the basis for his damages claim. Moreover, Joyner cannot rely on a naked claim for nominal or general damages to sustain his cause of action. We have "consistently held that in accordance with the statutory requirements of the FBPA, the measure of damages to be applied for an FBPA violation is that of 'actual injury suffered.' The general provisions of OCGA § 51-12-2 (a) damages recoverable without proof of amount are not applicable."[9]

It is patently clear that Joyner failed to present any evidence of damages to support his FBPA claim, and "[t]he absence of this single element of each part of the claim compelled summary judgment to [Toyota of Roswell] and correlative denial of judgment to [Joyner]."[10] The trial court erred in ruling otherwise.

2. For the same reasons, we conclude that the trial court erred in failing to grant summary judgment to Toyota of Roswell on Joyner's fraud claim. "[T]o establish a cause of action for fraud, a party must show that actual damages, not simply nominal damages, flowed from the fraud alleged."[11] Again, Joyner failed to present any such evidence.

3. Finally, we agree with Toyota of Roswell that the trial court erred in denying its motion for summary judgment on Joyner's UDTPA claim. Like the FBPA, the UDTPA prohibits a business from representing "that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another [and from] [a]dvertis[ing] goods or services with intent not to sell them as advertised."[12] Unlike the FBPA, which permits a recovery of damages, the sole remedy available under the UDTPA is injunctive relief.[13] However, to be entitled to injunctive relief, a plaintiff must establish that he is "[a] person likely to be

---

[8] (Punctuation omitted.) *Agnew v. Great A & P Tea Co.*, 232 Ga. App. 708, 709 (502 SE2d 735) (1998).

[9] (Citations, punctuation and footnote omitted.) Id. at 710 (1).

[10] Id.

[11] (Punctuation omitted.) *Woodhull Corp. v. Saibaba Corp.*, 234 Ga. App. 707, 713 (2) (507 SE2d 493) (1998).

[12] OCGA § 10-1-372 (a) (7), (9).

[13] See OCGA § 10-1-373 (a); *Lauria v. Ford Motor Co.*, 169 Ga. App. 203, 206 (3) (312 SE2d 190) (1983).

damaged by a deceptive trade practice of another."[14]

In this case, there is no evidence that Joyner is likely to be damaged by the defective advertisement. Again, Joyner has not pointed to any evidence establishing how he has been damaged in the past, and there is no indication that he would likely be damaged by the advertisement in the future. Moreover, the owner of Toyota of Roswell stated in an affidavit that the advertisement at issue "is no longer running in the newspaper[, and] at [his] instructions, the newspaper now includes a 'pictures may vary' disclaimer with every advertisement." Under these circumstances, we can discern no reason why Joyner would be entitled to injunctive relief under the UDTPA, and the trial court should have granted summary judgment to Toyota of Roswell.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 24, 2001 —
RECONSIDERATION DENIED NOVEMBER 29, 2001 — ▮▮▮▮▮▮▮

*Paul, Hastings, Janofsky & Walker, John G. Parker, Jeffrey L. Berhold,* for appellant.

*Gordon L. Joyner,* pro se.