A10A0836. WELLS FARGO AUTO FINANCE, INC. v. WRIGHT.
(698 SE2d 17)

MIKELL, Judge.

Following the grant of its application for interlocutory appeal, Wells Fargo Auto Finance, Inc., appeals from the trial court's denial of its motion to compel arbitration. Because Gary Lee Wright executed an arbitration agreement that mandated the arbitration of his claim, we reverse the trial court's ruling.

> The question of arbitrability, i.e., whether an agreement creates a duty for the parties to arbitrate the particular grievance, is undeniably an issue for judicial determination. The standard of review of a trial court's ruling on a motion to compel arbitration is whether the trial court was correct as a matter of law. The construction of an arbitration agreement, like any other contract, presents a question of law, which is subject to de novo review.[1]

The record shows that appellee Gary Lee Wright purchased a used 2003 GMC Yukon from Bill Heard Chevrolet, Inc., on or about February 22, 2006. Contemporaneously with the execution of the retail purchase contract, Wright executed a Retail Installment Contract (the "Contract") and an Arbitration Agreement (the "Agreement") with Bill Heard. The Contract was assigned to Wells Fargo.

Approximately two years later, Wright discovered that the vehicle had been involved in an accident before he purchased it and consequently attempted to rescind his contract. Wells Fargo refused, and Wright filed the instant action, alleging that Wells Fargo had engaged in deceptive business practices by requiring Wright to continue to pay for the vehicle. Wells Fargo filed a motion to dismiss or stay the action and to compel arbitration, which the trial court summarily denied. The trial court issued a certificate of immediate review, and we granted the interlocutory appeal.

1. In its sole enumeration of error, Wells Fargo argues that the trial court erred when it denied its motion to compel. We agree and

---

[1] (Punctuation and footnotes omitted.) *Order Homes v. Iverson*, 300 Ga. App. 332-333 (685 SE2d 304) (2009). See also *Triad Health Mgmt. &c. v. Johnson*, 298 Ga. App. 204, 205 (679 SE2d 785) (2009).

reverse.

The Agreement at issue provides, in pertinent part, as follows:

> Buyer/Lessee and Seller/Lessor agree that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease or financing of the vehicle, terms and provision of the sale, lease or financial agreement, arrangements for financing, purchase of insurance, purchase of extended warranties or service contracts, the performance or condition of the vehicle or any other aspects of the vehicle and its sale, lease or financing shall be settled by binding arbitration conducted pursuant to the provision of 9 U.S.C. Section 1 et seq. [the Federal Arbitration Act ("FAA")] and according to the Commercial Rules of the American Arbitration Association.

Wright argues that his claim arises under the Fair Business Practices Act ("FBPA"),[2] and that OCGA § 10-1-393 (c) invalidates his agreement to arbitrate. This statute provides that "[a] seller may not by contract, agreement, or otherwise limit the operation of this part notwithstanding any other provision of law." Wright does not identify any other section of the FBPA in support of his claim, but cites *Attaway v. Tom's Auto Sales*[3] and *Hornsby v. Phillips*,[4] neither of which is applicable here as they do not involve the enforceability of an arbitration agreement governed by the FAA.[5]

In *Love v. Money Tree*,[6] our Supreme Court held that "[t]he FAA provides that agreements to arbitrate in contracts involving commerce are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[7] In that case, the court concluded that the FAA did not preempt state law prohibiting arbitration of insurance claims because the McCarran-Ferguson Act,[8] also a federal law, prohibited the application of any federal statute that invalidated laws enacted by a

---

[2] The FBPA is codified at OCGA § 10-1-390 et seq.

[3] 144 Ga. App. 813 (242 SE2d 740) (1978).

[4] 190 Ga. App. 335 (378 SE2d 870) (1989).

[5] *Attaway*, supra, involved the sale of a used vehicle, and the seller unsuccessfully attempted to bar the purchaser's claims on summary judgment based on the language in the contract that the car was sold "as is." Id. at 814-815. *Hornsby* involved the sale of pay telephone service routes and the alleged violation of the Georgia Sale of Business Opportunities Act.

[6] 279 Ga. 476 (614 SE2d 47) (2005).

[7] (Punctuation and footnote omitted.) Id. at 479 (3), citing 9 USC § 2.

[8] This Act is codified at 15 USC §§ 1011-1015.

YALE LAW LIBRARY

state for the purpose of regulating insurance.[9] Generally, however, "the FAA preempts any state law that conflicts with its provisions or undermines the enforcement of private arbitration agreements."[10] In the instant case, Wright has pointed to no law that prohibits the arbitration of his claim in accordance with the rules of the FAA. The contract herein pertains to a sale of a motor vehicle to Wright, a Georgia resident, that was financed through an out-of-state corporation; thus, there is no dispute that the contract involves commerce.[11] Wright specifically consented in the Agreement to resolve through binding arbitration governed by the FAA any dispute pertaining to "any other aspect[ ] of the vehicle."[12] "[A]s with any other contract, the parties' intentions control."[13] Accordingly, we find that the trial court erred when it denied Wells Fargo's motion to compel.

2. In his responsive brief, Wright maintains that the Agreement cannot be invoked because of the merger clause contained in the retail installment contract. However, as the retail sales contract, installment contract, and the Agreement were executed simultaneously, they should be read and construed together.[14]

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED JUNE 25, 2010.

*Kenney, Solomon & Medina, Robert J. Solomon*, for appellant.
*T. Michael Flinn*, for appellee.

---

[9] *Love*, supra at 476, n. 2.

[10] (Citation omitted.) *Langfitt v. Jackson*, 284 Ga. App. 628, 634-635 (3) (644 SE2d 460) (2007).

[11] See id. at 634 (2).

[12] See *AutoNation Financial Svcs. Corp. v. Arain*, 264 Ga. App. 755, 756 (2) (592 SE2d 96) (2003) (intention of parties as stated in contract is that the arbitration clause is governed by the FAA).

[13] (Citation and punctuation omitted.) *Langfitt*, supra at 634 (2).

[14] See *Lovell v. Thomas*, 279 Ga. App. 696, 700 (1) (a) (632 SE2d 456) (2006).