James B. SKINNER and Margaret P. Skinner, Plaintiffs-Appellants,

v.

J. Phillip STEELE, John G. Powell, Wiley H. Maiden and Morgan Keegan & Co., Inc., Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 24, 1987.

Permission to Appeal Denied by Supreme Court May 11, 1987.

**336**

Max Shelton and William W. Dunlap, Jr., Memphis, for plaintiffs-appellants.

W.J. Michael Cody, Atty. Gen., Douglas Berry, Deputy Atty. Gen., Steven A. Hart, Asst. Atty. Gen., Nashville, amicus curiae for plaintiffs-appellants.

Carl H. Langschmidt, Jr., Memphis, for defendants-appellees.

HIGHERS, Judge.

This is an interlocutory appeal in a suit for damages arising out of the plaintiffs' purchase of a single premium deferred annuity certificate (SPDA) from the defendants in August 1982. The plaintiffs have alleged that they purchased the SPDA in reliance upon the representations of the defendants, at a cost of $170,000. The annuity was issued by National Investors Life Insurance Company of Little Rock, Arkansas (NIL), a wholly owned subsidiary of Baldwin United Corporation. In July 1983, the plaintiffs received a letter from the insurance commissioner of the state of Arkansas, advising that NIL had been declared insolvent, and that its assets were being frozen.

The plaintiffs' complaint is based upon theories of negligence, misrepresentation, breach of fiduciary duty, and violations of the Tennessee Consumer Protection Act. Specifically, the plaintiffs have alleged that the defendants knew of, and subsequently failed to disclose, the financial difficulties being experienced by NIL and its parent company, Baldwin United, and that the defendants misrepresented the safety of the plaintiffs' investment.

The defendants filed a motion to dismiss certain counts of the complaint pursuant to T.R.Civ.P. 12.02(6), including Count VI of the plaintiffs' amended complaint, which alleged violations of the Tennessee Consumer Protection Act of 1977, T.C.A. § 47–18–101 et seq. The trial court dismissed Count VI on the ground that the transaction involved was exempt from the Consumer Protection Act under T.C.A. § 47–18–111(a), but granted the plaintiffs permission to appeal to this Court from the order of dismissal. This Court agreed to hear the appeal by order of May 12, 1986.

Due to the State's substantial public interest in the resolution of the exemption issue, the Attorney General was granted leave to appeal and argue as *amicus curiae*. The issue is one of first impression for Tennessee's appellate courts.

The plaintiffs alleged in Count VI of the complaint that the defendants, in violation of the Tennessee Consumer Protection Act (the "Act"), engaged in unfair or deceptive acts or practices in the marketing and sale of Baldwin United SPDA's. The defendants argue that acts or transactions involving an insurance product are outside the coverage of the Act.

■ The defendants first contend that the Act does not apply to the sale of SPDA's because the purchasers of an annuity are not "consumers." This contention has no basis. T.C.A. § 47–18–103(1) defines a "consumer" as "any natural person who ... acquires by purchase ... any goods, services, or *property, tangible or intangible*, real, personal or mixed, and any other article, commodity or *thing of value* ..." (emphasis added). An annuity may be classified as intangible property, and is obviously a "thing of value." In addition, T.C.A. § 47–18–103(8) defines

"trade," "commerce," and "consumer transaction" as the "offering for sale ... of any ... property, tangible or intangible, real, personal or mixed, and other ... thing of value wherever situated." The Act specifies that it is to be construed to effectuate the purpose of protecting Tennessee consumers. T.C.A. § 47–18–115. Clearly, the scope of the Act is broad enough to encompass the sale of SPDA's.

The defendants' primary argument is that acts or transactions involving insurance are expressly exempted from the Act. T.C.A. § 47–18–111 provides:

> Exemptions.—The provisions of this chapter shall not apply to: (a) Acts or transactions *required or specifically authorized* under the laws administered by or rules and regulations promulgated by, any regulatory bodies or officers acting under the authority of this state or of the United States. (Emphasis added).
>
> \* \* \* \* \* \*
>
> (e) The burden of proving an exemption ... shall be upon the person claiming the exemption.

The Tennessee Insurance Law, Title 56, permits and regulates the sale of insurance policies and annuities, T.C.A. § 56–2–203, and has its own chapter on deceptive acts. T.C.A. § 56–8–101 *et seq.* Therefore, the defendants claim, the acts or transactions involved were "specifically authorized" by the insurance code as contemplated in the Act. We do not agree.

█ The statutory exemption precludes the Attorney General and individual consumers from bringing an action based on practices that are "specifically authorized" under the insurance code, or under other regulatory statutes. However, authorization to engage in the business of selling annuities is not specific authorization to employ unfair or deceptive practices in that activity. The purpose of the exemption is to insure that a business is not subjected to a lawsuit under the Act when it does something required by law, or does something that would otherwise be a violation of the Act, but which is allowed under other statutes or regulations. It is intended to avoid conflict between laws, not to exclude from the Act's coverage every activity that is authorized or regulated by another statute or agency. Virtually every activity is regulated to some degree. *See, e.g.,* Motor Vehicle Sales Licenses Act, T.C.A. § 55–17–101 *et seq.*; Real Estate Broker License Act, T.C.A. § 62–13–101 *et seq.*; Time-Share Act, T.C.A. § 66–32–101 *et seq.* The defendants' interpretation of the exemption would deprive consumers of a meaningful remedy in many situations.

The Act itself indicates that the provisions of the insurance code and those of the Act are to be applied concurrently. T.C.A. § 47–18–112 states:

> The powers and remedies provided in this chapter and § 43–115 shall be cumulative and supplementary to all other powers and remedies otherwise provided by law. The invocation of one power or remedy herein shall not be construed as excluding or prohibiting the use of any other available remedy.

█ Nothing in the insurance code indicates that it is intended to be the exclusive remedy for deceptive practices in the insurance industry. Indeed, the Declaration of Purpose states:

> The purpose of §§ 56–8–101—56–8–113 is to regulate trade practices in the business of insurance in accordance with the intent of the Congress of the United States as expressed in the Act of Congress of March 9, 1945 (Public Law 15, 79th Congress; ch. 20, 59 Stat. 33), by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

T.C.A. § 56–8–101.

This language reveals that the State was taking advantage of 15 U.S.C. § 1012(b), which makes the federal antitrust laws applicable to the insurance business to the extent not regulated by State law. The purpose of § 56–8–101 *et seq.* is to regulate "all such practices" in order to oust federal antitrust jurisdiction as completely as possible. It was not the intent of the legisla-

ture to exempt the insurance industry from other *Tennessee* statutes. *See Ray v. United Family Life Insurance Co., Inc.,* 430 F.Supp. 1353 (W.D.N.C.1977).

In addition, the insurance code itself provides that:

> No order of the commissioner under [this chapter] or order of a court to enforce the same shall in any way relieve or absolve any person affected by such order from any liability under any other laws of this state.

T.C.A. § 56–8–108(d).

> The powers vested in the commissioner by this chapter, shall be additional to any other powers to enforce any penalties, fines or forfeitures authorized by law with respect to the methods, acts and practices hereby declared to be unfair or deceptive.

T.C.A. § 56–8–114.

 The mere existence of one regulatory statute does not affect the applicability of a broader, non-conflicting statute.

*Dodd v. Commercial Union Insurance Co.,* 373 Mass. 72, 365 N.E.2d 802 (1977). We hold that the insurance industry is not exempt from the Tennessee Consumer Protection Act, as the sale of an insurance policy or annuity does not constitute an act or transaction that is "required or specifically authorized" within the meaning of T.C.A. § 47–18–111(a).

That part of the trial court's order dismissing Count VI of the complaint is reversed, and the case is remanded for trial. Costs of the appeal are taxed to the appellees.

CRAWFORD and FARMER, JJ., concur.