Darrell W. MORRIS, Plaintiff–Appellant,

v.

MACK'S USED CARS, Defendant–
Appellee.

Supreme Court of Tennessee,
at Knoxville.

Jan. 27, 1992.

Richard R. Vance, Sevierville, for plaintiff-appellant.

Wayne Christeson, William Allen, Nashville, for Tennessee Ass'n of Legal Services, amicus curiae.

Carl P. McDonald with Goddard & Gamble, Maryville, for defendant-appellee.

Charles W. Burson, Atty. Gen. and Reporter, John Knox Walkup, Sol. Gen., Steven A. Hart, Glen L. Krause, Asst. Attys. Gen., Nashville, for State of Tenn., amicus curiae.

## OPINION

REID, Chief Justice.

The purchaser, Darrell Morris, sued the seller, Mack's Used Cars & Parts, Inc., for compensatory, treble, and punitive damages, alleging fraudulent concealment, breach of express warranty of title under T.C.A. § 47–2–312, breach of express warranty of description under T.C.A. § 47–2–313, breach of implied warranty of merchantability under T.C.A. § 47–2–314, and violation of the Tennessee Consumer Protection Act forbidding unfair or deceptive acts under T.C.A. § 47–18–104(b)(6), (7).

■ The facts were not disputed. In September 1985 the defendant sold to Morris a vehicle described on the bill of sale as a 1979 Ford pickup truck. An older truck was traded in as a down payment, and the balance of the purchase price was financed over a term of three years with a retail installment contract and security agreement, pursuant to which the certificate of title was delivered by the defendant-seller directly to the lender. The bill of sale contained the following statement immediately above the purchaser's signature, "This unit sold as is. No warranties have been expressed or implied." At the time of sale, the truck had been wrecked or dismantled and was a "reconstructed" vehicle within the meaning of Title 55, Chapter 3, Part 2 of Tennessee Code Annotated. The seller knew but did not disclose to the purchaser that the pickup was a reconstructed vehicle. The purchaser obtained this information three years later when he received the certificate of title after paying the final installment on the sales contract.

Being reconstructed reduced the vehicle's fair market value 30 to 50 percent.

The seller's defense was that the disclaimer contained in the bill of sale avoided any liability for its not disclosing to the purchaser the condition of the vehicle as revealed by the certificate of title.

The trial court agreed with the seller and dismissed the suit. On appeal of the count charging violation of the Consumer Protection Act, the Court of Appeals affirmed, stating,

> To hold the Defendant liable under the Tennessee Consumer Protection Act would, in effect, be creating liability under an "as is" sale which is waived under T.C.A. § 47–2–316(3)(a).

The Court of Appeals held, in the words of Judge Franks, dissenting, "[T]here can be no claim for unfair or deceptive trade practices whenever a seller disclaims warranties under the Uniform Commercial Code ... with an 'as is' clause."

■ The trial court and the Court of Appeals misconstrued these statutes as they relate to the Consumer Protection Act. Disclaimers permitted by § 47–2–316 of the Uniform Commercial Code (UCC) may limit or modify liability otherwise imposed by the code, but such disclaimers do not defeat separate causes of action for unfair or deceptive acts or practices under the Consumer Protection Act, T.C.A. §§ 47–18–101 to –5002.

The UCC contemplates the applicability of supplemental bodies of law to commercial transactions. Section 47–1–103, T.C.A., provides the following:

> Unless displaced by the particular provisions of chapters 1 through 9 of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

Also, the supplementary nature of the Consumer Protection Act is made clear by T.C.A. § 47–18–112, which states,

> The powers and remedies provided in this part shall be cumulative and supplementary to all other powers and remedies otherwise provided by law. The invocation of one power or remedy herein shall not be construed as excluding or prohibiting the use of any other available remedy.

A seller may disclaim all implied warranties pursuant to T.C.A. § 47–2–316, which provides in pertinent part,

> **Exclusion or modification of warranties** ... (3)(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.

The Consumer Protection Act recognizes this right of exclusion or modification of warranties under the UCC. Section 47–18–113, T.C.A., provides,

> **Waiver of Rights.** (a) No provision of this part may be limited or waived by contract, agreement, or otherwise, notwithstanding any other provision of law to the contrary; provided, however, the provisions of this part shall not alter, amend, or repeal the provisions of the Uniform Commercial Code relative to express or implied warranties or the exclusion or modification of such warranties.

The above provision, however, also specifically precludes disclaimer of liability under the Consumer Protection Act. Furthermore, the UCC, pursuant to T.C.A. § 47–1–203, imposes an obligation of good faith in the performance or enforcement of every contract. Under T.C.A. § 47–1–102(3), this obligation may not be disclaimed.

Claims under the UCC and the Consumer Protection Act are distinct causes of action, with different components and defenses. The Consumer Protection Act is applicable to commercial transactions, also regulated by the UCC. The Court of Appeals in *Skinner v. Steele*, 730 S.W.2d 335 (Tenn. Ct.App.1987), reached a similar conclusion with regard to the regulation of the insurance industry. The court held that the mere existence of a separate statute regu-

lating the insurance industry does not create exemption from the Consumer Protection Act. 730 S.W.2d at 338.

Other states have recognized that the disclaimer of warranty liabilities under the UCC does not preclude the advancement of non-warranty claims based on unfair trade practices. In *V.S.H. Realty, Inc. v. Texaco, Inc.*, 757 F.2d 411 (1st Cir.1985), the buyer of an oil storage facility under an "as is" contract sued the seller alleging misrepresentation, non-disclosure, and violation of the Massachusetts statute prohibiting unfair or deceptive practices. The district court dismissed the statutory claim on the basis of the "as is" disclaimer. The First Circuit Court of Appeals reversed, stating:

> We believe the district court's view of the law regarding "as is" clauses is incorrect. Although the Uniform Commercial Code does expressly permit disclaimers in the sale of goods between merchants, § 2–316 refers specifically to disclaimers of implied warranties, suggesting to us that it was intended only to permit a seller to limit or modify the contractual bases of liability which the Code would otherwise impose on the transaction. The section does not appear to preclude claims based on fraud or other deceptive conduct.

757 F.2d at 417.

Automobile sales cases from other jurisdictions have held that an "as is" disclaimer of warranties does not bar an action for deceptive trade practices. In *Metro Ford Sales, Inc. v. Davis*, 709 S.W.2d 785 (Tex. Ct.App.—Fort Worth 1986), the buyer of a used truck brought an action against the seller under the Texas Deceptive Trade Practices Consumer Protection Act (DTPA). The buyer alleged that the salesman falsely represented that the truck was in "top" condition and had not been wrecked. The seller contended that the warranty disclaimer signed by the buyer was admissible to counter the DTPA cause of action. The court concluded,

> We hold that the waiver of warranty did not waive [the buyer's] cause of action for misrepresentation under the DTPA

and that the waiver was properly excluded.

709 S.W.2d at 790. In *Attaway v. Tom's Auto Sales, Inc.*, 144 Ga.App. 813, 242 S.E.2d 740 (1978), the buyer of a used car brought suit against the seller, alleging breach of warranty and violation of the Georgia Fair Business Practices Act (Act). The sales contract provided "all cars sold as is ... no guarantee." The court stated that "the language in the contract would appear to prevent [the buyer] from recovering on the grounds of express or implied warranty" and concluded that "although [the buyer] might not be able to rescind the contract or otherwise set it aside, the Act itself is in no way tied to contractual rights and is wholly self-sustaining." 242 S.E.2d at 742. The court concluded,

> From an overview of [the Act], we find that there is thereby created a separate and distinct cause of action under its provisions. A consumer who is damaged thereby has an independent right to recover under the Act, regardless of any other theory of recovery.

*Id.*

The Tennessee Consumer Protection Act is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices. *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297, 305 (Tenn.Ct.App.1984). In a case similar to the one before the Court, the seller's failure to disclose to the buyer that the vehicle had been in an accident and had been repaired constituted a violation of the Consumer Protection Act. *See Paty v. Herb Adcox Chevrolet Co.*, 756 S.W.2d 697 (Tenn.Ct.App.1988). To allow the seller here to avoid liability for unfair or deceptive acts or practices by disclaiming contractual warranties under the UCC would contravene the broad remedial intent of the Consumer Protection Act.

In summary, disclaimers permitted by T.C.A. § 47–2–316 do not prevent application of the Consumer Protection Act. The Consumer Protection Act creates a separate and distinct cause of action for unfair or deceptive acts or practices.

The judgments of the trial court and Court of Appeals dismissing the alleged violation of the Consumer Protection Act, therefore, are reversed and the case is remanded. The costs are taxed to the appellee.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.