**Daisy LAYMANCE, Plaintiff–Appellant,**

v.

**Dale VAUGHN, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 12, 1992.

Permission to Appeal Denied by Supreme Court March 1, 1993.

Lenny L. Croce, Rural Legal Services, Oak Ridge, for appellant.

No attorney for appellee.

OPINION

McMURRAY, Judge.

This case presents an issue of first impression insofar as we have been able to determine. The appellant insists that a violation of the "Tennessee Home Solicitation Sales Act of 1974" either alone or coupled with a violation of the Federal Trade Commission Cooling–Off Period Rule, 16 C.F.R. § 429.1, is a *per se* violation of the "Tennessee Consumer Protection Act." The trial court rejected this proposition and this appeal resulted. For reasons hereinafter stated, we affirm the judgment of the trial court.

The facts of the case are basically undisputed and the facts as found by the court are not questioned. The appellant, relying on *Morris v. Mack's Used Cars,* 824 S.W.2d 538 (Tenn.1992), challenges the trial court's conclusion that a violation of the Tennessee Home Solicitation Sales Act, T.C.A. § 47–18–701 et seq., is not, as a matter of law, a violation of the Tennessee Consumer Protection Act, T.C.A. § 47–18–101 et seq.

We are of the opinion that the appellant misapprehends the holdings of the court in *Morris,* supra. In *Morris,* the Supreme

Court speaking through Chief Justice Reid made it clear that the remedies available under the Consumer Protection Act were cumulative and supplementary to all other powers and remedies otherwise provided by law. *See also* T.C.A. § 47–18–112. The court further held that "[C]laims under the UCC and the Consumer Protection Act are distinct causes of action with different components and different defenses." Likewise, in this case, claims under the Tennessee Home Solicitation Sales Act and claims under the Tennessee Consumer Protection Act are separate and distinct claims. It follows, therefore, that a recovery pursuant to the provisions of the Tennessee Home Solicitation Sales Act would not bar a recovery under the Tennessee Consumer Protection Act provided the plaintiff is able to present evidence sufficient to establish a violation of the Tennessee Consumer Protection Act. Apparently such was not done in the present case.

■ In her complaint the plaintiff sought recovery under both the Tennessee Home Solicitation Sales Act and the Tennessee Consumer Protection Act. The court found that there had been a violation of the Tennessee Home Solicitation Sales Act but did not find a violation of the Tennessee Consumer Protection Act. Accordingly, he concluded that "the only damages [awardable] are those specifically [allowed] by the Tennessee Home Solicitation Act." He, therefore, awarded damages only as specified in T.C.A. §§ 47–18–705 and 47–18–706 and declined to treble the amount. The conclusion of the trial court is eminently correct. It is a fundamental rule of statutory construction that the duty of the court is to ascertain and give effect to the intention or purpose of the Legislature as expressed in the statute and to avoid a construction that will place one statute in conflict with another. *See Parkridge Hospital, Inc. v. Woods*, 561 S.W.2d 754 (Tenn.1978). To adopt the proposition advanced by the plaintiff would be, in effect, to displace the Tennessee Home Sales Solicitation Act and replace its provisions with the Tennessee Consumer Protection Act. Clearly such was not the intention of the Legislature nor is such an interpretation implicit in *Morris*.

■ Appellant also complains of the trial court's action in allowing an offset for the fair cash market value of services performed before cancellation. T.C.A. § 47–18–706(c) provides as follows:

(c) If the seller has performed any services pursuant to a home solicitation sale prior to its cancellation, the seller is entitled to compensation only to the extent of the fair market value for any such services performed prior to the cancellation.

Under all the circumstances of this case, we are of the opinion that the award of damages was proper.

We concur with the conclusion of law reached by the trial court. We hold that a violation of the Tennessee Home Solicitation Sales Act, either alone or coupled with a violation of 16 C.F.R. § 429.1, without more, is not a violation of the Tennessee Consumer Protection Act.

Accordingly, the judgment of the trial court is affirmed. Costs are taxed to the appellant and the cause is remanded to the trial court.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.