**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

FILED

July 13, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

MIKE HARVEY, on behalf of himself ) C/A NO. 03A01-9807-CV-00235
and all others similarly situated, )
) ROANE CIRCUIT
    Plaintiff-Appellant, )
) HON. RUSSELL SIMMONS, JR.,
v. ) JUDGE
)
FORD MOTOR CREDIT COMPANY, )
)
    Defendant-Appellee. )

GORDON BALL, Knoxville, for Plaintiff-Appellant.

STEVEN D. LIPSEY, STONE & HINDS, P.C., Knoxville, and THOMAS M.
BYRNE and DANIEL H. SCHLUETER, SUTHERLAND, ASBILL & BRENNAN,
LLP, Atlanta, for Defendant-Appellee.

PAUL G. SUMMERS, Tennessee Attorney General and Reporter, and
TIMOTHY C. PHILLIPS, Assistant Attorney General, Nashville, Amicus Curiae for
the State of Tennessee.

## OPINION ON PETITION FOR REHEARING

Franks, J.

Plaintiff has filed a Petition for Rehearing in response our opinion in

*Harvey v. Ford Motor Credit Co.*, 1999 WL 356301 (Tenn.App).

Plaintiff argues that the Court misinterpreted the term "quoted Ford

Motor Credit Rates" in his Amended Complaint. He argues that the term "quoted Ford

Motor Credit Rates" refers to the final rate quoted to the consumer by the dealer. In

other sections of the Amended Complaint, the term "quoted rates" refers to the initial

rates set by the defendant and not the rates given to the consumer. In another portion

of the Amended Compliant, however, the plaintiff states that the defendant "instructs

and/or permits its dealers to inform consumers that the interest rate quoted to them is a fixed Ford Motor Credit rate, when in fact it is not."

Defendant responds that the Amended Complaint does not allege that the dealer made any misrepresentation to the plaintiff. The Amended Complaint alleges, however, that the dealer misrepresented to the plaintiff that he was "receiving an approved interest rate quoted by Defendant and that such rate was fixed by Ford Motor Credit . . ." Thus, the Amended Complaint alleges that the dealer made a misrepresentation to plaintiff. Assuming, *arguendo*, that the Amended Complaint alleges that the defendant instructs dealers to misrepresent the source of the interest rates quoted to the consumer, the Complaint is still deficient. If the reference to "dealer manuals, policies and procedures" is sufficient to satisfy the requirements of T.R.C.P. 9.02, no cause of action has been stated, because the complaint fails to allege proximate cause.

The Trial Court held that "reliance" was a requirement under the Tennessee Consumer Protection Act. T.C.A. § 47-18-101 to -121. T.C.A. § 47-18-109 establishes a private right of action for any person who suffers an "ascertainable loss . . . as a result of the use or employment by another person of an unfair or deceptive act or practice . . ." In determining that reliance was a required element under the Act, the Trial Court relied upon *Ganzevoort v. Russell*, 949 S.W.2d 293 (Tenn. 1997). In *Ganzevoort*, this Court had held that "reliance is not a part of the cause of action, simply because the Act does not require it." 1995 WL 623047 at *2 (Tenn.App.). We further noted that "the whole tenor of the act makes it clear that the technical requirements of a cause of action for fraud and deceit are not a part of the cause of action under the act." *Id*. The Supreme Court affirmed, but did not specifically address the reliance issue. The Court cited with approval the definitions of "deceptive act or practice" found in decisions by Illinois and Vermont courts.

2

*Ganzevoort,* 949 S.W.2d at 299 (citing *Connor v. Merrill Lynch Realty, Inc.*, 581 N.E.2d 196 (Ill.Ct.App. 1991); *Bisson v. Ward*, 628 A.2d 1256 (Vt. 1993).

Under the Illinois Consumer Fraud Act, plaintiffs are not required to prove actual reliance. *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584 (Ill. 1996). Vermont's Consumer Fraud Act, however, grants a cause of action to consumers who contract for goods or services "in reliance upon" false or fraudulent representations. Vt. Stat. Ann. tit. 9, § 2461(b)(1997).

The Tennessee Consumer Protection Act does not require reliance. We elect to follow this Court's reasoning in *Ganzevoort*, although not specifically addressed by the Supreme Court. First, the Act contains no express requirement of reliance. Second, the Act is to be liberally construed to protect consumers. *Morris v. Mack's Used Cars*, 824 S.W.2d 538 (Tenn. 1992). Finally, this Court has noted that state consumer protection acts generally do not require reliance. *See Lien v. Couch*, 1998 WL 848101 (Tenn.App.), *appeal denied*, May 10, 1999.

Although the Act does not require reliance, plaintiffs are required to show that the defendant's wrongful conduct proximately caused their injury. T.C.A. §47-18-109 establishes a private right of action for any person who suffers an "ascertainable loss . . . as a result of the use or employment by another person of an unfair or deceptive act or practice. . ." In *Stracener v. Swindle*, we cited this language and noted: "[s]imilarly, proximate causation must be proven whether the claim is based on fraud . . . or on mere negligence . . ." 1995 WL 414873 at *3 (Tenn.App. 1995). In *Connick*, the court noted that while plaintiffs need not prove reliance, they must show that the defendant's conduct proximately caused the injury. 675 N.E.2d 584 (Ill. 1996). *See also Carroll v. Cellco Partnership*, 713 A.2d 509, 515 (N.J. Super. Ct. App. Div., 1998) ("Although plaintiffs need not prove reliance under the Consumer Fraud Act, they must show an ascertainable loss as a result of defendant's

3

conduct and a causal relationship.").

In this case, the Amended Complaint does not allege a casual connection between the defendant's conduct and any injury suffered by the plaintiff. Although the Amended Complaint alleges that the plaintiff paid higher interest rates by financing through the dealer and not directly with the defendant, there is no allegation that the defendant made direct loans to the public. Although the Amended Complaint alleges that the plaintiff was "required to pay hidden fees," he was clearly informed of the total interest rate, which he was free to accept or reject. Regardless of how payment was allocated between the dealer and defendant, the plaintiff was aware of what his overall payment and total interest rate would be. Additionally, the plaintiff does not allege that he would have refused to engage in the transaction had he known that some portion of his payment would go to the dealer. The plaintiff was also free to seek financing from other sources. Accordingly, the Amended complaint does not allege a cause of action under the Consumer Protection Act.

Finally, plaintiff argues the Court erred in dismissing the portion of his Amended Complaint addressing the defendant's advertising. The plaintiff argues that he could not have believed the rate quoted to him by the dealer was the defendant's direct rate unless he had seen advertisements regarding the defendant's rates. The Amended Complaint alleges, however, that the dealer told the plaintiff that he was receiving the defendant's fixed rate. Thus, it was not necessary for the plaintiff to have seen any advertisement to that effect. As noted, if the plaintiff had seen the defendant's advertising, he would have been aware of the disparity between the rate advertised and the rate he received. The Amended Complaint does not allege that plaintiff saw any of defendant's advertisements. Accordingly, the allegations concerning defendant's advertising fail to state a claim.

We deny the Petition to Reconsider with the additional cost assessed to

4

the appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
William H. Inman, Sr.J.