**Melba Louise Middleton SPARKS, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. 98–3026–V.**

United States District Court, W.D. Tennessee, Western Division.

May 1, 2000.

---

6. *See* discussion of Georgia law, Part IV, *supra.*

Bradley J. Cordts, Seymour S. Rosenberg, Memphis, TN, for Plaintiff.

David M. Waldrop, Nathan W. Kellum, Memphis, TN, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM UNDER THE TENNESSEE CONSUMER PROTECTION ACT

VESCOVO, United States Magistrate Judge.

Plaintiff Melba Sparks filed the present lawsuit against defendant Allstate Insurance Company for breach of contract, bad faith refusal to pay an insurance contract, and violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn.Code Ann. §§ 47–18–101 to 47–18–5002, alleging that Allstate wrongfully denied payment on an insurance claim she filed after a fire destroyed her residence. Her residence was insured under a homeowner's policy issued by Allstate in effect at the time of the fire. Allstate denied the claim on the ground, among others, that the plaintiff set fire to

her residence or wrongfully procured the fire. Presently before the court[1] is Allstate's Rule 12(b)(6) motion to dismiss plaintiff's claim under the TCPA. Because the court finds that the TCPA may indeed apply to claims handling procedures in insurance disputes and plaintiff's complaint adequately alleges a violation of that statute, dismissal pursuant to Rule 12(b)(6) is improper.

At the outset, the court notes the present 12(b)(6) motion was untimely filed. It was filed on March 14, 2000, nearly sixteen months after defendant filed its answer on November 23, 1998, and only two weeks before the trial date. Fed.R.Civ.P. Rule 12(b) requires that a "motion making any of these [12(b)(6)] defenses shall be made before pleading." Fed.R.Civ.P. 12(b). Nevertheless, the Sixth Circuit has held that "such a motion may be properly considered as one for judgment on the pleadings under Fed.R.Civ.P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6)." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir.1988) (citations omitted). Additionally, the deadline for filing motions in this case was November 15, 1999.[2] Nevertheless, under the circumstances, the court will consider the motion. Defense counsel is warned, however, that future noncompliance with the scheduling order will not be tolerated.

■ Rule 12 of the Federal Rules of Civil Procedure declares that if during the consideration of a motion to dismiss for failure to state a claim on which relief can be granted "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). Al-

though plaintiff has attached exhibits to her response to defendant's motion, the exhibits are merely documents that indicate that plaintiff had an insurance policy with defendant, made demand for payment on defendant, and defendant refused to pay. In essence, the documents merely repeat the allegations plaintiff made in her complaint, and as such do not constitute "matters outside the pleadings." Nevertheless, the court has excluded the exhibits from its consideration of the present matter, and thus declines to convert the motion to one for summary judgment under Fed.R.Civ.P. 56.

■ The purpose of Fed.R.Civ.P. 12(b)(6) is to "test the formal sufficiency of the claim and not to resolve the facts or merits of the case." *Federal Express Corp. v. United States Postal Serv.*, 75 F.Supp.2d 807, 810 (W.D.Tenn.1999) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1356 (West 1990)). The policy underlying Rule 12(b)(6) is that dismissal of claims that are unsupportable "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In examining a motion under Rule 12(b)(6), the court must assume that all of the factual allegations made by plaintiff in her complaint are true and should not dismiss a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Scheid*, 859 F.2d at 436 (citations omitted).

The portion of plaintiff's complaint that alleges that Allstate violated the Tennessee Consumer Protection Act recites that:

---

1. The parties have consented to the trial of this matter before the United States Magistrate Judge.

2. During the pretrial conference on March 17, 2000, the court extended the motions deadline until March 21, 2000.

7. Defendant, Allstate Insurance Company, wrongfully refused to pay Plaintiff's fire damage claim, and is therefore guilty of violation of the Tennessee Consumer Protection Act of 1977. Allstate's conduct in handling Melba Louise Middleton Sparks' policy and claim was unfair and deceptive. There is clear evidence on the Fire Marshal's report that the cause of the fire was a short circuit in fixed wiring, and the failure for [sic] Allstate to honor this claim was both deceptive and unfair. It was deceptive in that Allstate held out in its policy that when premiums are paid in a timely manner, claims would be paid. Allstate then denied a legitimate claim, which clearly shows intent not to honor the terms of Plaintiff's policy. (T.C.A. 47–18–101 et seq.) [sic]

In support of its motion for dismissal pursuant to Rule 12(b)(6), Allstate asserts that no set of facts would entitle plaintiff to relief under the TCPA. Allstate urges that the TCPA applies only to the formation of insurance contracts and not to the manner or method of claims handling.

The TCPA is designed "to protect consumers ... from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce ...." Tenn.Code Ann. § 47–18–102. The Tennessee Supreme Court has recently held that the TCPA applies to insurance companies. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920 (1998). Additionally, remedies may be available to an insured under both the Tennessee bad faith statute, Tenn. Code Ann. § 56–7–105, and the TCPA. *Id.* at 925–26. Allstate nevertheless asserts that "an insurer's refusal to pay a claim based on an insured person's alleged complicity in causing a loss" is not actionable under the TCPA where there is no indication that the insured was deceived regarding the terms of the policy. (Def.'s Mem. at 3.)

The crucial issue that the court must decide is whether the Tennessee Supreme Court's holding in *Myint* that an action may lie against an insurance company for violation of the TCPA applies only to the initial issuance of an insurance policy or whether such an action may also be brought for deceptive or unfair practices in the company's handling of claims. The *Myint* decision did not explicitly address the question and therefore this court must fashion a rule of decision that the Tennessee Supreme Court would most likely adopt if it were confronted with the issue. *See, e.g., Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, Inc.*, 190 F.R.D. 463, 484 (W.D.Tenn.1999) (citing *Ackley v. Wyeth Labs., Inc.*, 919 F.2d 397, 399 (6th Cir.1990) and *Bailey v. V. & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985)). "In fashioning a rule of decision, the court can look to the decisional law of the Tennessee Supreme Court in analogous cases and relevant dicta in related cases, positions expressed in the restatement of law, law review commentaries and decisions from other jurisdictions or the majority rule for guidance." *Id.* (citing *Bailey*, 770 F.2d at 604).

In *Myint*, plaintiffs, owners of a two-unit structure in Nashville, Tennessee, brought suit against Allstate alleging breach of contract, bad faith refusal to pay on an insurance contract, and violation of the TCPA. *Myint*, 970 S.W.2d at 922–23. Allstate's refusal to pay on the insurance policy at issue in *Myint* was based in part on its assertion that plaintiffs had intentionally set the fire that destroyed their property, in violation of the insurance policy. Plaintiffs stipulated that the fire had been intentionally set, but denied any involvement in the arson. *Id.* at 923. The trial court dismissed plaintiffs' claims under the TCPA before trial, and a jury then found Allstate liable on the breach of contract claim but found that it had not acted in bad faith in denying the claim. *Id.* On appeal, the Tennessee Court of Appeals affirmed the trial court's decision to dismiss the TCPA claim, reasoning that Tennessee's bad faith statute provided "the exclusive remedy for the bad faith refusal

to pay an insurance claim." *Id.* at 924. The Tennessee Supreme Court granted certiorari to consider the issue.[3]

The Supreme Court first confronted the question of whether the TCPA even applied to insurance companies given the existence of insurance regulations found in Title 56, Chapters 7 and 8 of the Tennessee Code. *Id.* Allstate and amici asserted that by enacting comprehensive regulations of the insurance industry, the state legislature intended to make those regulations the exclusive remedy for consumers harmed by insurance companies. The Supreme Court noted that it had never explicitly addressed the issue of whether the TCPA might apply to insurance companies, but that previous decisions from both the Supreme Court and the Court of Appeals had assumed that insurance companies were not exempt from liability under the TCPA. *Id.* (citing *Morris v. Mack's Used Cars*, 824 S.W.2d 538, 539–40 (Tenn. 1992) and *Skinner v. Steele*, 730 S.W.2d 335 (Tenn.App.1987)). The *Myint* Court therefore held that "nothing in either the Insurance Trade Practices Act or the bad faith statute … limits an insured's remedies to those provided therein," and that insurance companies could face liability under both the bad faith statute and the TCPA. *Id.* at 925.

The Court then examined whether the denial of the Myints' claim constituted a violation of the TCPA and determined that it did not. The Court noted that:

> While the sale of a policy of insurance easily falls under [the statutory] definition of 'trade' and 'commerce,' we conclude that Alltate's conduct in handling the Myints' insurance policy was neither unfair nor deceptive. The record reveals no evidence of an attempt by Allstate to violate the terms of the policy, deceive the Myints about the terms of the policy, or otherwise act unfairly. It is apparent that the denial of the My-

ints' claim was Allstate's reaction to circumstances which Allstate believed to be suspicious.

*Id.* at 926. Accordingly, the Supreme Court found that dismissal of the Myints' TCPA claim was appropriate.

■ In the present case, Allstate strenuously urges that the TCPA does not apply to insurance companies' claims handling procedures. Tenn.Code Ann. § 47–18–103(11) provides that " 'trade,' 'commerce,' or 'consumer transaction' means the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." From this language, defendant asserts that the Act is specifically limited to the "advertising or offering for sale" of something. The court disagrees. The plain language of the statute is broad enough to cover not only advertising and sales, but also conduct affecting the "distribution of any … services, or property." Presumably, when an insured files a claim with an insurance company, she seeks a payment from the company. Such a payment, by its nature, is a distribution of property and would appear to come within the ambit of the statute.

Moreover, in *Myint* the Tennessee Supreme Court had the opportunity to foreclose claims under the TCPA arising from an insurance company's failure to pay claims. However, the court did not take that approach. Rather than holding that claims handling procedures do not constitute "trade" or "commerce" as those terms are defined in the statute, the court instead merely held that the denial of the Myints' claim was justified under the facts of that case. *Myint*, 970 S.W.2d at 926. The court implicitly recognized the possibility of TCPA actions resulting from deceit or fraud in claims handling when it

**3.** Plaintiffs also appealed the Court of Appeals' decision to reverse the trial court's award of prejudgment interest.

held that the Myints could not maintain such an action under the TCPA because there was no evidence of an "attempt by Allstate to violate the terms of the policy, deceive the Myints about the terms of the policy, or ... act unfairly," and that the "denial of the ... claim was Allstate's reaction to circumstances which Allstate believed to be suspicious." *Id.* Given this language, it would appear that in a case where such evidence did exist, a cause of action would exist under the TCPA. To put it another way, if plaintiffs in *Myint* had been able to demonstrate that Allstate had violated the terms of the insurance policy, deceived plaintiffs about the terms of the policy, or otherwise acted unfairly, or if the evidence demonstrated that Allstate had denied plaintiffs' claim for some reason other than believing it to be suspicious, plaintiffs' TCPA claim would have been proper. Thus, the court concludes that the Tennessee Supreme Court in *Myint* intended to permit actions under the TCPA for claims handling procedures and would so hold if squarely confronted with the issue. *See generally* Myers N. Massengill II, *Comment: Insurance—Myint v. Allstate Ins. Co.: The Tennessee Consumer Protection Act and the Insurance Industry*, 30 U. Mem. L.Rev. 207, 226–227 (1999) (noting that "the potential for the use of unfair and deceptive trade practices by [Allstate's] claims representative is certainly great," and that after *Myint*, liability under the TCPA might attach for certain actions of such claims representatives, but asserting that "if insurance companies do not use unfair or deceptive practices *in settling claims*, [the *Myint* ] ruling will not become an issue.") (emphasis added).

Next, the court must decide whether the plaintiff's complaint is sufficient under Rule 12(b)(6) to state a claim under the TCPA. Having decided that the TCPA may in some circumstances apply to claims handling procedures, the court holds that the complaint in the present case is sufficient to allege a claim under the TCPA and thus dismissal under the standard set forth in Rule 12(b)(6) is improper.[4]  It does not "appear ... beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99, because plaintiff alleges that Allstate had clear evidence when it denied her claim that the cause of the fire was an electrical short, not arson.[5]  Taking plaintiff's allegations as true, as the court must, and drawing all inferences from those allegations in her favor, the court finds that if defendant had clear evidence that there was no arson and yet violated the terms of the policy by refusing to pay plaintiff's claim, that action could violate the TCPA.[6]

For the above reasons, defendant's motion to dismiss plaintiff's claim under the Tennessee Consumer Protection Act is DENIED.

IT IS SO ORDERED.

---

4. The court also questions whether dismissal of the claim at this point in the litigation, after all discovery has been completed and pretrial motions filed, would effectuate 12(b)(6)'s goal of "streamlin[ing] litigation by dispensing with needless discovery and fact-finding." *Neitzke v. Williams*, 490 U.S. at 326–27, 109 S.Ct. 1827.

5. The present case is thus factually distinguishable from *Myint*, where the insured plaintiffs stipulated that their building was destroyed by arson, but claimed that they were not involved in the arson. By contrast, plaintiff here asserts that there never was an arson at her residence.

6. Of course, this analysis does not predict whether plaintiff's claim will ultimately be successful at trial nor does it analyze whether there is an absence of genuine issues of material fact that would entitle Allstate to judgment as a matter of law, as would be the case if the present motion were one for summary judgment under Fed.R.Civ.P. 56. Rule 12(b)(6) merely tests the sufficiency of the claim, and plaintiff may or may not be able to demonstrate the elements of a violation of the TCPA at trial.