IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Brief February 22, 2002

## PAUL IVY v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 00-1673-II      Carol L. McCoy, Chancellor**

---

**No. M2001-01219-COA-R3-CV - Filed October 20, 2003**

---

This appeal involves a dispute between a prisoner and the Department of Correction regarding a disciplinary proceeding at the Deberry Special Needs Facility in Davidson County. The prisoner filed a petition for writ of certiorari in the Chancery Court for Davidson County alleging the disciplinary board acted illegally, arbitrarily, and vindictively by violating the Department's Uniform Disciplinary Procedures when it disciplined him for attempted escape. The Department filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss, and the trial court, citing *Sandin v. Conner*, 512 U.S. 472, 115 S.Ct. 2293 (1995), dismissed the petition. The prisoner has appealed. We have determined that the order dismissing the prisoner's petition should be reversed in part and that the case should be remanded for further consideration in light of *Willis v. Tennessee Dep't of Corr.*, 113 S.W.3d 706 (Tenn. 2003).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Paul Ivy, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and J. Brad Scarbrough, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

**OPINION**

**I.**

Paul Ivy is currently incarcerated at the Brushy Mountain Correctional Complex. The incident that precipitated this appeal occurred on February 16, 2000, when he was housed at the West Tennessee State Penitentiary. A corrections officer accused Mr. Ivy of attempting to escape while being transported by prison bus to the Deberry Special Needs Facility for medical treatment. A three-member disciplinary board convened on February 22, 2000 at Deberry and found Mr. Ivy guilty of attempted escape. His punishment included a five-dollar fine, thirty days in punitive segregation, prolonged administrative segregation, a twelve-month reduction of sentence credits, and a two-year denial of certification for a parole hearing.

After exhausting his administrative appeals, Mr. Ivy filed a petition for writ of certiorari in the Chancery Court for Davidson County.[1] He asserted that the prison disciplinary board and others had acted illegally, arbitrarily, and vindictively by violating state law, the Department of Correction's Uniform Disciplinary Procedures, and his due process rights. More specifically, Mr. Ivy alleged (1) that the disciplinary board had failed to summarize the exculpatory evidence in the Disciplinary Report Hearing Summary, (2) that the Disciplinary Board falsified the testimony at the hearing on the Disciplinary Report Hearing Summary, and (3) that the Department failed to prove that he had attempted to escape.

Instead of filing the official record of Mr. Ivy's disciplinary proceedings, the Department filed a "motion to dismiss or for summary judgment" that failed to comply with Tenn. R. Civ. P. 7.02.[2] The trial court, relying in large part on *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995), found that Mr. Ivy had failed to state a claim upon which relief can be granted because the punishment he received did not impose an "atypical and significant hardship" in relation to the incidents of normal prison life.[3] Mr. Ivy now appeals to this court.

## II.
### THE ABSENCE OF A RECORD OF THE PRISON DISCIPLINARY PROCEEDINGS

Once again we are being asked to review the denial of a petition for common-law writ of certiorari that occurred before the Department had filed a complete record of the disciplinary hearing at issue. We are left to consider the issues with only the portions of the record that have been filed by the prisoner. These papers are not adequate, or even appropriate, substitutes for the official record. None of the documents are certified; many bear little indicia of authenticity; and they are not accompanied by a certification that they are the complete record of the disciplinary proceeding at issue.

---

[1]Mr. Ivy's petition requested both a common-law and statutory writ of certiorari. A common-law writ of certiorari is the only vehicle for obtaining judicial review of prison disciplinary actions. *Robinson v. Clement*, 65 S.W.3d 632, 634 n.1 (Tenn. Ct. App. 2001); *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). For the purpose of this opinion, we will consider Mr. Ivy's petition solely as a petition for common-law writ of certiorari.

[2]Tenn. R. Civ. P. 7.02 requires that all motions to the court "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." The Department's motion in this case, like so many similar motions filed in the past, did not satisfy Tenn. R. Civ. P. 7.02's particularity requirement. *E.g., Willis v. Tennessee Dep't of Corr.*, 113 S.W.3d at 709; *Jeffries v. Tennessee Dep't of Corr.*, 108 S.W.3d 862, 867 n.2 (Tenn. Ct. App. 2002); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001).

[3]Mr. Ivy, like other prisoners, also asserted claims for alleged violations of Tenn. Code Ann. §§ 41-1-102(c), 41-1-103, and 41-21-404 (1997). We have already determined in other cases that claimed violations of these statutes do not state a claim upon which relief can be granted. *Pendleton v. Mills*, 73 S.W.3d at 122 (Tenn. Code Ann. § 41-1-103); *Thompson v. State,* No. 02A01-9705-BC-00102, 1998 WL 70645, at *2 (Tenn. Ct. App. Feb. 23, 1998) (No Tenn. R. App. P. 11 application filed) (Tenn. Code Ann. § 41-21-404). The same rationale applies to departures from Tenn. Code Ann. § 41-1-102(c). Accordingly, we affirm the dismissal of Mr. Ivy's claims based on Tenn. Code Ann. §§ 41-1-102(c), 41-1-103, and 41-21-404.

We have commented at some length in prior opinions about the folly of this practice and the waste in judicial time and resources it causes. We have also explained repeatedly why filing a complete record of the disciplinary proceedings is the simplest and most procedurally correct way to resolve factual issues about what happened at the disciplinary hearing. As best we can determine, our comments have gone unheeded. Perhaps the Department will rethink this strategy now that the Tennessee Supreme Court has filed its *Willis v. Tennessee Department of Correction* opinion.

### III.
### THE STANDARD OF REVIEW

Our choice of the appropriate standard of review for this appeal is influenced by the procedural posture of the case when the trial court dismissed Mr. Ivy's petition. The imprecision of the Department's dispositive motion and the trial court's order have clouded the nature of the trial court's decision. Accordingly, we must review the record to determine what the trial court did.

The Department responded to Mr. Ivy's petition by filing a "motion to dismiss or for summary judgment." Why the Department chose to seek alternative relief pursuant to Tenn. R. Civ. P. 12.02(6) and Tenn. R. Civ. P. 56 is not readily apparent, especially because the Department's motion failed to comply with Tenn. R. Civ. P. 7.02 and because the Department's memorandum of law that accompanied its motion was not included in the appellate record in accordance with Tenn. R. App. P. 24(a). The trial court compounded the problem by failing to set out in its order dismissing Mr. Ivy's petition whether it was proceeding under Tenn. R. Civ. P. 12.02(6) or Tenn. R. Civ. P. 56.

The distinction between Tenn. R. Civ. P. 12.02(6) dispositions and Tenn. R. Civ. P. 56 dispositions is far from academic when it comes to selecting a standard of review. Appellate courts review orders granting Tenn. R. Civ. P. 12.02(6) motions to dismiss using standards far different from those used to review orders granting summary judgments. Therefore, determining the exact nature of the trial court's order being reviewed matters.

Tenn. R. Civ. P. 12.02(6) motions challenge the legal sufficiency of the complaint. *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). These motions require the court to focus solely on the complaint. *Mitchell v. Campbell*, 88 S.W.3d 561, 564 (Tenn. Ct. App. 2002). On occasion, however, courts are asked to consider matters other than the complaint in the context of a Tenn. R. Civ. P. 12.02(6) motion. If the trial court considers matters other than the complaint, Tenn. R. Civ. P. 12.02 requires that the motion to dismiss be treated for all purposes as a Tenn. R. Civ. P. 56 motion for summary judgment. In the words of Tenn. R. Civ. P. 12.02:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In light of the conversion feature in Tenn. R. Civ. P. 12.02(6), a motion cannot be both a Tenn. R. Civ. P. 12.02(6) motion and a Tenn. R. Civ. P. 56 motion with regard to the same ground. It must be one or the other. Accordingly, our selection of the appropriate standard of review for this appeal boils down to determining whether "matters outside the pleading" were presented to and not excluded by the trial court in this case.

As far as the record shows, the Department did not submit any evidentiary materials to support its "motion to dismiss or for summary judgment." Mr. Ivy appended a number of exhibits to his complaint, and thus we must decide whether these exhibits should be considered to be "matters outside the pleading" for the purpose of Tenn. R. Civ. P. 12.02. Exhibits attached to pleadings are considered to be part of the pleadings. Tenn. R. Civ. P. 10.03; *HMF Trust v. Bankers Trust Co.*, 827 S.W.2d 296, 298 (Tenn. Ct. App. 1991); *Powell v. Barnard*, 20 Tenn. App. 31, 34, 95 S.W.2d 57, 59 (1936). Therefore, courts disposing of a Tenn. R. Civ. P. 12.02(6) motion may consider exhibits attached to a complaint without converting the motion to a motion for summary judgment. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 261 F. Supp. 2d 188, 198 (E.D.N.Y. 2003); *Sparks v. Allstate Ins. Co.*, 98 F. Supp. 2d 933, 935 (W.D. Tenn. 2000); *Governors Club, Inc. v. Governors Club Ltd. P'ship*, 567 S.E.2d 781, 785 (N.C. Ct. App. 2002).

In light of the fact that the record contains no "matters outside" of Mr. Ivy's pleadings, the Department's motion, even though it is stated in the alternative, must be reviewed as a Tenn. R. Civ. P. 12.02(6) motion. Accordingly, the motion admits the truth of all the relevant and material factual allegations in Mr. Ivy's complaint. *Davis v. The Tennessean*, 83 S.W.3d 125, 127 (Tenn. Ct. App. 2001); *Pendleton v. Mills*, 73 S.W.3d at 120. We must construe the complaint liberally in Mr. Ivy's favor by taking all the factual allegations in the complaint as true, *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997), and by giving Mr. Ivy the benefit of all the inferences that can be reasonably drawn from the pleaded facts. ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE § 5-6(g), at 254 (1999). We must likewise review the trial court's legal conclusions regarding the adequacy of the complaint without a presumption of correctness. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); *Stein v. Davidson Hotel* Co., 945 S.W.2d at 716.

## IV.
### THE CLAIMS IN MR. IVY'S PETITION

*Sandin v. Conner* is no longer an insurmountable barrier to prisoners seeking judicial review of prison disciplinary proceedings. The Tennessee Supreme Court has now held that prisoners who file a petition for common-law writ of certiorari seeking review of a prison disciplinary proceeding state a claim that will survive a motion to dismiss if they allege "facts demonstrating that the disciplinary board failed to follow the Uniform Disciplinary Procedures and [that] this failure substantially prejudiced . . . [them]." *Willis v. Tennessee Dep't of Corr.*, 113 S.W.3d at 713. This decision applies to all cases pending on appeal when it was filed, and accordingly, we will review Mr. Ivy's petition using the *Willis* standard.

-4-

One of Mr. Ivy's three allegations clearly fails to state a claim upon which relief can be granted. He asserts that the Department violated his due process rights and its Uniform Disciplinary Procedures by failing to summarize his exculpatory evidence on the Disciplinary Report Hearing Summary. The Department's sole obligation is to record on the summary the evidence relied upon as well as "detailed reasons for the . . . decision." Tenn. Dep't Corr. Policy No. 501.02(VI)(E)(2)(k)(5) (2001); *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S. Ct. 2963, 2979 (1974). While prisoners have a limited right to present exculpatory evidence during disciplinary hearings,[4] they have no right, either constitutional or otherwise, to have exculpatory evidence summarized in the Disciplinary Report Hearing Summary.

Mr. Ivy also alleges that the disciplinary board intentionally falsified the testimony of the witnesses in its summary of the evidence it relied upon in deciding that he had attempted to escape. This allegation, if true, makes out a violation of the Department's policies that would warrant relief pursuant to a common-law writ of certiorari. In addition to the policy expressly requiring the chairperson or hearing officer to record the "detailed reasons" for the board's decision and to summarize "the evidence which led to the decision,"[5] the Department's Uniform Disciplinary Procedures require the Department to conduct "[f]air and impartial disciplinary proceedings . . . against inmates charged with disciplinary infractions." Tenn. Dep't Corr. Policy No. 502.01(V) (2001). Considering both policies together, the Department has an obligation to provide accurate and specific reasons for its decisions. Falsifying the evidence summarized on the Disciplinary Report Hearing Summary not only violates the Department's policies but also undermines the fundamental fairness of the disciplinary hearing and the efficacy of judicial review of prison disciplinary decisions.

Finally, Mr. Ivy alleges that the board violated the Department's policies by convicting him of attempted escape without proving that he had attempted to escape. While a common-law writ of certiorari does not provide a vehicle for re-weighing the evidence or otherwise inquiring into the intrinsic correctness of the disciplinary board's decision,[6] the board undoubtedly acts arbitrarily and capriciously if it decides to discipline a prisoner without proof that he or she has committed a disciplinary offense. Accordingly, a prisoner seeking judicial relief through a common-law writ of certiorari may be entitled to relief if he or she can demonstrate that the board heard no evidence upon which to base its disciplinary decision.

As the record presently stands, the record contains no evidence to contradict the allegations in Mr. Ivy's petition that the Department produced no evidence that he had attempted to escape. The Department did not file an official record of the disciplinary proceeding, and the documents attached

---

[4] Tenn. Dep't Corr. Policy No. 502.01(VI)(E)(2)(c)(5) & (6) (2001); *Wolff v. McDonnell*, 418 U.S. at 566, 94 S. Ct. at 2979.

[5] Tenn. Dep't Corr. Policy No. 501.02(VI)(E)(2)(k)(5).

[6] *Robinson v. Clement*, 65 S.W.3d at 635.

to Mr. Ivy's petition provide the Department no support.[7]  Accordingly, Mr. Ivy's allegation that he was convicted of attempting to escape without any evidence states a claim upon which relief pursuant to a common-law writ of certiorari may be granted.

## V.

We affirm the dismissal of Mr. Ivy's claim regarding the summary of his exculpatory evidence and reverse the remainder of the order granting the Department's Tenn. R. Civ. P. 12.02(6) motion. The case is remanded to the trial court for further proceedings consistent with *Willis v. Tennessee Dep't of Corr.* and this opinion. We tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., J.

---

[7]Mr. Ivy attached to his complaint an uncertified copy of the Disciplinary Report Hearing Summary. Despite the requirement in Tenn. Dep't Corr. Policy No. 501.02(VI)(E)(2)(k)(5) that the board summarize on the Disciplinary Report Hearing Summary the "specific evidence relied upon" to support its finding that the prisoner committed a disciplinary offense, the summary states only that the board relied upon the "Testimony of Reporting Official & Witness." Simply identifying the witnesses on whose testimony the board relies does not comply with Tenn. Dep't Corr. Policy No. 502.01(VI)(E)(2)(k)(5). Another document attached to Mr. Ivy's petition titled "ADDENDUM TO DISCIPLINARY APPEAL" is not appropriately identified and bears insufficient evidence of reliability to be given much, if any, weight.