A89A0058. HILL v. JAY PONTIAC, INC.
(381 SE2d 417)

POPE, Judge.

On April 13, 1986, pursuant to the terms of a retail sales contract, plaintiff purchased a new automobile from defendant Jay Pontiac, Inc. Within a few days, plaintiff began experiencing mechanical and other problems with the car and returned the car to the dealership for repairs. Over the next several months, subsequent problems arose and plaintiff returned the car to the dealership each time for repairs. In July 1986, plaintiff returned the car for repairs and indicated his intent to leave the car with defendant and rescind the retail sales contract. Plaintiff subsequently brought suit against the defendant, seeking to rescind the contract based on alleged fraudulent misrepresentations of the defendant in selling him the car and violations of the Georgia Fair Business Practices Act. The trial court granted summary judgment to the defendant and plaintiff appeals.

1. Although the contract of sale contained language specifically disclaiming all warranties, express and implied, plaintiff contends that inasmuch as the contract was procured by fraud, he was entitled to rescind the contract and sue in tort for fraud and deceit. In support of his argument that the contract was procured by fraud, plaintiff asserts that he bought the car based on defendant's advertisements, plus representations of defendant's salesperson that since the car was new, it was in excellent condition and free of defects.

Although it is true, as plaintiff asserts, that fraud renders a contract voidable at the election of the injured party, it is likewise true that " '[r]epresentations under the general head of "dealer's talk" are

regarded as mere commendations, "puffing," or expressions of opinion, and do not, though untrue, constitute false representations which will avoid a contract. (Cit.) The representations to support a claim must relate to an existing fact and not a future event, unless it be an event which the party making the representations knows will never occur. Mere broken promises, unfulfilled predictions, and erroneous conjectures do not meet this test. (Cits.)' *American Food Services v. Goldsmith*, 121 Ga. App. 686, 687-688 (175 SE2d 57) (1970). 'It is difficult to lay down an absolute test for determining what statements are representations which come within "dealer's talk." Where representations amount to mere expressions of opinion, they come within the scope of this rule, and do not, though untrue, constitute such false representations as will void the contract.' *Williams v. Fouche*, 164 Ga. 311 (5a) (138 SE 580) (1927)." *Marler v. Dancing Water Lakes,* 167 Ga. App. 99, 100 (305 SE2d 876) (1983).

Applying this rule to the case at bar, we agree that the advertisements of defendant and the remarks of its salesperson, relied on by plaintiff to support his claim of fraud, were mere sales puffing. "The statement was that of an opinion not a statement of fact . . . [and as such] cannot constitute the basis for a claim of fraud." *Randall v. Smith,* 136 Ga. App. 823, 825 (222 SE2d 664) (1975). Consequently, plaintiff presented no grounds that would warrant rescission of the contract, and the trial court properly granted summary judgment to the defendant on this issue. Accord *Randall*, supra; Cf. *City Dodge v. Gardner*, 130 Ga. App. 502 (203 SE2d 729) (1973), aff'd, 232 Ga. 766 (208 SE2d 794) (1974) (wherein evidence was presented that the salesperson's representations to the buyer that the automobile had never been "wrecked" were untrue).

2. Relying, inter alia, on *Attaway v. Tom's Auto Sales*, 144 Ga. App. 813 (242 SE2d 740) (1978) plaintiff also argues that regardless of his right to rescind the contract based on the alleged fraud of the defendant, the trial court erred in granting summary judgment as to his claims asserting alleged violations of the Georgia Fair Business Practices Act, OCGA § 10-1-390 et seq. Although it is true that the Act creates a separate and distinct cause of action, independent of other theories of recovery an injured party might have, in the case at bar plaintiff's cause of action under the Act was predicated on the alleged fraudulent misrepresentations of the defendant concerning the condition of the car. Consequently, inasmuch as we have determined that these representations were not fraudulent, we agree the trial court properly granted summary judgment as to plaintiff's claims based on the Act.

3. Lastly, we find no merit to plaintiff's argument that an implied warranty of fitness arose by virtue of OCGA § 11-2-315 because he purchased the car for a "particular purpose," as that term is used in

the Uniform Commercial Code. See *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113 (1) (363 SE2d 312) (1987).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 5, 1989.

*Pedro Quezada*, for appellant.
*Paul T. Messing*, for appellee.