## A10A1176. WALKER v. AMERIREACH.COM et al.
### (703 SE2d 100)

BARNES, Presiding Judge.

Carol Walker sued Amerireach.com LLC ("AmeriSciences"), a health and nutrition multilevel distribution company based in Houston, Texas, which conducts substantial business activities in Georgia, alleging violations of the Georgia Fair Business Practices Act (FBPA) and the Georgia Sale of Business Opportunities Act (SBOA). She also sued three of the company's corporate officers individually.[1] The trial court granted AmeriSciences's motion for summary judgment on res judicata grounds based on a Texas court's default judgment, and granted the officers' motion to dismiss for lack of personal jurisdiction. Because Walker's complaint is based on a statutory violation and not on breach of contract, however, AmeriSciences's contractual defenses are inapplicable. Further, the trial court has personal jurisdiction over the individual defendants, who may be held liable under the SBOA. Accordingly, we reverse.

For almost three years, physician Carol Walker participated in a "marketing program" buying and selling nutritional supplements she bought from AmeriSciences. When she ended the relationship she was holding $150,000 worth of inventory. On February 5, 2009, Walker sent notice to the company that, absent a settlement, she intended to sue the company in 30 days based on its failure to disclose her right to require the company to repurchase her inventory under certain conditions, as required by OCGA § 10-1-415 (d) (1) of the SBOA.

Before the expiration of Walker's 30-day statutory waiting period required by OCGA § 10-1-399 (b) of the FBPA, during which she was barred from filing suit in Georgia under the FBPA, AmeriSciences filed suit in Harris County, Texas, on February 13, 2009. The company sought a declaratory judgment that Walker's FBPA action was subject to the Harris County, Texas, forum selection clause contained in the parties' contract, that the forum selection clause was enforceable, and that an action for damages filed anywhere but Harris County constituted a breach of contract. On April 7, 2009, Walker sued AmeriSciences and the individual defendants in the Superior Court of Gwinnett County under the Georgia FBPA and SBOA. She contended that the company failed to disclose her right to require the company to repurchase her unsold, unopened inventory at any time as required by Georgia law, but instead represented in her contract and elsewhere that AmeriSciences would only repurchase her inventory within 30 days after she bought it.

---

[1] Barry Cocheu, Lou Gallardo, and Steven Redman.

AmeriSciences answered and denied liability, asserting among other things that Walker's claims were compulsory counterclaims that should have been raised in the Texas action and could not be asserted in a separate Georgia case. In a motion to dismiss, Ameri-Sciences also argued that the parties' contract contained an enforce-able forum selection clause establishing venue in Harris County, Texas, and raised arguments regarding reliance, statute of limita-tion, and personal jurisdiction regarding the individual defendants.

·On July 20, 2009, AmeriSciences amended its motion to dismiss and moved in the alternative for summary judgment, arguing that Walker's claims were now res judicata because on June 3, 2009, the Texas court had granted it a default judgment in its declaratory action.[2] AmeriSciences argued in its amended motion that the Texas default judgment was entitled to full faith and credit, and thus its conclusions "must be given preclusive effect." Those conclusions were that any suit Walker brought against AmeriSciences was subject to the forum selection clause, and that filing an action in any forum other than Harris County, Texas, constituted a breach of contract. After a hearing, the Georgia trial court granted summary judgment to AmeriSciences on several grounds and dismissed the claim against the officers for lack of personal jurisdiction. In a very detailed 22-page order drafted by counsel for AmeriSciences, the trial court concluded that Walker's claims were subject to the contract's forum selection clause and thus barred by res judicata; that Walker failed to show reliance and damages from any SBOA violation; and that the court lacked personal jurisdiction over the personal defen-dants, who were not in any event subject to personal liability under the SBOA. Walker appeals, arguing the trial court erred in each of these findings.[3]

1. Walker contends the trial court erred in holding that her claims were subject to the contract's forum selection clause and thus barred by res judicata because of the Texas default judgment. AmeriSciences argues that the parties would have no relationship absent their written contract, and that the forum selection clause applies to all claims "arising from" or "relating to" the parties'

---

[2] Curiously, the final default judgment was filed with the Harris County, Texas, clerk of court on May 12, 2009, although it was signed by the trial court judge on June 3, 2009.

[3] AmeriSciences submitted pleadings from numerous trial courts involving similar suits, but orders in these cases are neither binding nor particularly persuasive. For example, this court denied the company's applications for interlocutory appeals of another trial court's denial of its motion to dismiss. Further, while the record contains an order granting summary judgment to the company, which is essentially a duplicate of the order before us drafted by AmeriSciences, the company settled that case while it was on appeal before this court issued an opinion, according to representations made by Walker's counsel during the summary judgment hearing on this case.

agreement. In this regard, AmeriSciences argues that well-established principles of Georgia law mandate that the forum selection clause at issue be enforced. Moreover, it also correctly points out that the FBPA does not expressly provide that Georgia courts have exclusive, original jurisdiction over claims for alleged violations of the SBOA.

While all of AmeriSciences's claims are correct as far as they go, FBPA claims are not contract claims. In an amicus brief, the administrator of the Georgia FBPA notes our holding that "the [FBPA] itself is in no way tied to contractual rights and is wholly self-sustaining. . . ." *Attaway v. Tom's Auto Sales*, 144 Ga. App. 813 (242 SE2d 740) (1978). In reaffirming and expanding this holding, we noted that in *Attaway*

> we held that when an action is brought for violation of the FBPA, contractual defenses are irrelevant and inapplicable. The same principle applies here, and we hold that contractual defenses are inapplicable when an action is based not on the contract but solely on an alleged violation of the Sale of Business Opportunities Act.

*Hornsby v. Phillips*, 190 Ga. App. 335, 340 (4) (378 SE2d 870) (1989). The purpose of the SBOA is, among others, "(t)o prevent and prohibit fraudulent and deceptive practices in the sale of business opportunities." (Punctuation omitted.) Id. at 338 (2). The FBPA "creates a separate and distinct cause of action, independent of other theories of recovery an injured party might have." *Hill v. Jay Pontiac*, 191 Ga. App. 258, 259 (2) (381 SE2d 417) (1989).

We have also reversed a trial court's dismissal of a complaint alleging that a company violated Georgia's debt adjustment statutes, OCGA § 18-5-1 et seq. *Moon v. CSA–Credit Solutions of America*, 304 Ga. App. 555 (696 SE2d 486) (2010) (physical precedent only). In *Moon*, the trial court dismissed the complaint based on a forum selection clause in the parties' contract. Although not all of the judges on the panel agreed on the reasoning and thus the case is physical precedent only, the special concurrence in *Moon* reasoned that, because the complaint asserted a cause of action based upon a violation of the debt adjustment statutes, not a breach of contract claim, the contract's choice of forum provision did not apply.

The four corners of Walker's complaint reveal that her claims are not based on breach of contract but instead are based on violation of the SBOA. Thus, the contractual defense of a forum selection clause does not apply, and Walker's claims are not res judicata based on the default judgment from Harris County, Texas.

2. Walker argues the trial court erred in holding that she failed

to allege she sustained damages due to AmeriSciences's failure to inform her of her buy-back rights under the SBOA. AmeriSciences's contract with Walker stated that upon termination of their business relationship, she had the right to return for repurchase marketable inventory within one month from her date of purchase. The SBOA provides, however, that a participant in a multilevel marketing plan has a right to cancel at any time, regardless of reason, and that this fact along with the participant's cancellation rights must appear in the contract or an addendum "in ten-point boldface type." OCGA § 10-1-415 (c) (3). According to the statute, the description of those rights

> ... must, at a minimum, provide the following: ... [T]he seller shall repurchase all unencumbered products ... in a reasonably resalable or reusable condition and which were acquired by the participant from the seller; such repurchase shall be at a price not less than 90 percent of the original net cost to the participant of the goods being returned. ...

OCGA § 10-1-415 (d) (1). At the end of Walker's contract, 14 additional "Terms and Conditions" include a provision stating that Walker could receive a 90 percent refund of all its "sales aids and literature in resale condition" within 30 days or longer if state law required a longer refund period, specifying that Georgia had no time limit. Walker agreed to be bound by the company's Policies and Procedures, posted on its website, changes to which would also be binding upon notice. Finally, Section 4.08 of the contract provides that "where state laws on termination are inconsistent with these Policies and Procedures, the applicable state law shall apply."

AmeriSciences argues that it properly amended its Policies and Procedures on its website to comply with the notice requirements of OCGA § 10-1-415 (c) and (d), that Walker should not have relied on her written contract terms but should have investigated her repurchase rights under Georgia law, and that she failed to allege that she suffered damages because she relied on the contract's 30-day return limitation.

Pretermitting whether reliance is a required element in a claim asserting an SBOA violation, Walker has presented sufficient evidence of reliance and damages to withstand a motion for summary judgment. In her complaint, Walker alleged that she relied on AmeriSciences to disclose her rights under Georgia law, and that the company refused to comply with the product repurchase requirements of OCGA § 10-1-415 (d) (1). The direct deposit authorization she gave AmeriSciences, allowing the company to debit or credit her bank account, stated in boldfaced capital letters that the company

would grant "NO REFUNDS OR EXCHANGES." In an affidavit, Walker stated that when she asked about returning her products for a refund, AmeriSciences's director of distributor services told her the company did not give product refunds. That representation, along with a similar public statement from AmeriSciences's CEO during a company conference, led her to believe she could not return the products until her lawyer advised her otherwise. Walker did not remember receiving any kind of notice that AmeriSciences had revised its Policies and Procedures, and AmeriSciences has not pointed to anything in the record regarding such a notice. Walker avers that she did not know until her lawyer told her that she had a statutory right to seek a refund from AmeriSciences, which she could assert at any time. By the time she asserted her repurchase rights under the SBOA, AmeriSciences refused to buy them back, contending that many of her products were not "commercially resaleable" because they were too old.

The statute itself requires that AmeriSciences inform its marketers about their cancellation rights in the contract or an addendum in ten-point boldface type. AmeriSciences's contract clause providing that state laws on termination apply if they are inconsistent with the contract is insufficient to constitute compliance with the statute and does not shift the burden to Walker to research whether her rights under Georgia law were greater than the rights AmeriSciences bestowed by contract, particularly if company representatives told her she had no repurchase rights. Whether AmeriSciences gave proper "notice" to Walker that it amended its online Policies and Procedures to comply with Georgia law and whether Walker should have asserted her legal rights earlier are genuine issues of material fact for a jury to decide.

3. Walker contends the trial court erred in dismissing her complaint against the individual defendants. In its order, the trial court held that it had no personal jurisdiction over these defendants because no evidence existed that they were present in Georgia in their personal capacity, only as AmeriSciences officers. The court also held that, even if it had personal jurisdiction, liability under OCGA § 10-1-410 (10) is limited to "any person who offers to sell to individuals any business opportunity, either directly or through any agent," and Walker had not alleged that AmeriSciences offered to sell a business opportunity.

"OCGA § 9-10-91 (1) grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State[,] . . . to the maximum extent permitted by procedural due process." (Punctuation omitted.) *Innovative Clinical &c. v. First Nat. Bank &c.*, 279 Ga. 672, 675 (620 SE2d 352) (2005). In response to requests for admissions, Ameri-

Sciences admitted it is a "multilevel distribution company" as defined in the SBOA, and that the provisions of OCGA § 10-1-415 (c) (4) apply to any agreement made in Georgia. It admitted that Cocheu, Gallardo, and Redman were founding members of the company and were respectively the company's CEO, operating chairman, and general counsel when Walker became an Ameri-Sciences marketer. The individual defendants also admitted that Walker's cancellation rights under Georgia law were "generally known" to them. Based on these admissions, the trial court erred in dismissing the claims against the individual defendants for lack of personal jurisdiction.

Further, Walker's complaint is sufficient to state a claim against the individual defendants. We have held that a company's primary officers and shareholders are "sellers" under the SBOA. *Hornsby v. Phillips*, supra, 190 Ga. App. at 337-338 (2). The statute defines "seller" as "any multilevel distribution company or . . . any person who offers to sell to individuals any business opportunity, either directly or through any agent," and defines "person" to include anyone who "has a substantive interest in or effectively controls" the seller, as well as its "individual officers, directors, general partners, trustees, or other individuals in control." Id.; OCGA § 10-1-410 (8), (10). Accordingly, the trial court erred in dismissing Walker's claims against the individual defendants.

*Judgment reversed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 29, 2010 — 

*Henry A. Turner*, for appellant.

*Webb, Tanner, Powell, Mertz & Wilson, Robert J. Wilson*, for appellees.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Sidney R. Barrett, Jr., Senior Assistant Attorney General, Amy C. M. Burns, Assistant Attorney General*, amici curiae.